Angelique GAXIOLA, Appellant,

v.

Cesar GARCIA, Appellee.

No. 08–04–00052–CV.

Court of Appeals of Texas, El Paso.

July 14, 2005.

Karen A. Pelletier, Attorney At Law, El Paso, for Appellant.

Cesar Garcia, El Paso, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's order reducing child support payments of the Appellee. For the reasons stated herein, we affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee is the father of the minor child triggering the obligation and was required to pay $475 per month in child support to Appellant on behalf of the child, pursuant to a temporary order filed on July 25, 2003. On August 27, 2003, Appellee filed a motion to modify the temporary orders on the basis that he had moved back to El Paso, Texas from Phoenix, Arizona and was earning less money. On October 29, 2003, a hearing was held and thereafter, on February 9, 2004, the trial court entered an order establishing a reduced child support obligation of $343.50. The order reflects that the trial court pronounced judgment in this proceeding on November 1, 2003, the order was signed on February 9, 2004 and was filed on February 12, 2004. Appellant, the mother of the child, filed a Notice of Appeal complaining of the trial court's order. Appellant filed a request that the trial court issue findings of fact and conclusions of law. Significantly, no notice of past due findings of fact or conclusions of law was filed.

Appellant appeals raising two issues.

## II. ISSUES ON APPEAL

In two issues, Appellant challenges the court's entry of the order reducing the monthly child support obligation of Appellee. In Issue One, Appellant complains that the trial court abused its discretion by reducing the monthly child support obligation because the obligor has evaded his support obligation because of voluntary underemployment. Issue Two complains that the trial court does not have discretion to reduce the child support by the amount reflected in the order and that the

order must be supported by evidence in the record. We read these issues collectively as a challenge to the trial court's implied findings of fact and conclusions of law that there is sufficient evidence to find that Appellee is not willfully underemployed for the purpose of evading his support obligations and that the trial court's order of the amount of $343.50 is supported by the evidence, as a matter of law. Stated in the alternative, we read Appellant's complaints as a challenge that there is no or insufficient evidence to support the trial court's decision reducing the child support obligation and the decision was an abuse of discretion.

### III. *STANDARD OF REVIEW*

■ We agree with Appellant that the appropriate standard of review in assessing the action of the trial court when awarding child support is an abuse of discretion. *In Interest of Striegler,* 915 S.W.2d 629, 637 (Tex.App.-Amarillo 1996, writ denied); *Stocker v. Magera,* 807 S.W.2d 753, 754 (Tex.App.-Texarkana 1990, writ denied), *citing Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982). In deciding whether a trial court has abused its discretion, we must determine whether the court acted without reference to any guiding rules and principles, i.e., arbitrarily or unreasonably. In making that determination, we must bear in mind that the mere fact that a trial judge may decide a matter within his discretion in a manner different than an appellate judge does not demonstrate that the trial judge abused his discretion. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *In Interest of Striegler,* 915 S.W.2d at 637.

The Appellant first complains that the trial court abused its discretion by lowering the amount of monthly child support payments on the grounds that Appellee is intentionally underemployed and the amount of payment ordered is not supported by the evidence in compliance with the statutory requirements. We note that Appellant filed a request for findings of fact and conclusions of law under Rule 296 of the Texas Rules of Civil Procedure, and Appellant did not provide a notice of past due findings as required by the Rules of Civil Procedure.

■ The losing party is required to bring the trial court's failure to the attention of the trial court. Texas Rule of Civil Procedure 297 provides, in part, the following:

> If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a "Notice of Past Due Findings of Fact and Conclusions of Law" which shall be immediately called to the attention of the court by the clerk. Such notice shall state the date the original request was filed and the date the findings and conclusions were due.

Tex.R. Civ. P. 297.

The failure to file a notice of past due findings of fact waives the right to complain about the trial court's failure to file findings of fact and conclusions of law. *See Curtis v. Commission for Lawyer Discipline,* 20 S.W.3d 227, 232 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Las Vegas Pecan & Cattle Co. v. Zavala County,* 682 S.W.2d 254, 255 (Tex.1984). No such notice appears in the record of this case. Because they did not file the notice required by Rule 297 of the Texas Rules of Civil Procedure, we hold that Appellant has waived her right to complain about the trial court's failure to file the findings of

fact and conclusions of law. *Curtis*, 20 S.W.3d at 232; *see also* Tex.R. Civ. P. 297.

■ It would have been helpful for the court to have articulated its findings of fact and conclusions of law but because no findings of fact or conclusions of law were filed in this case, we will presume that the trial court found all necessary facts to support the judgment. *See Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). We may review any implied findings for sufficiency of the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex.2002).

■ We also note that Appellant did not file a request for findings in compliance with Section 154.130 of the Texas Family Code. An appellant seeking to challenge the child support order entered by a trial court judge should request findings allowed under the Family Code. Section 154.130 provides:

### § 154.130. Findings in Child Support Order

(a) Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in rendering an order of child support, the court shall make the findings required by Subsection (b) if:

(1) a party files a written request with the court not later than 10 days after the date of the hearing;

(2) a party makes an oral request in open court during the hearing; or

(3) the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines.

(b) If findings are required by this section, the court shall state whether the application of the guidelines would be unjust or inappropriate and shall state the following in the child support order:

"(1) the monthly net resources of the obligor per month are $;

"(2) the monthly net resources of the obligee per month are $;

"(3) the percentage applied to the obligor's net resources for child support by the actual order rendered by the court is %;

"(4) the amount of child support if the percentage guidelines are applied to the first $6,000 of the obligor's net resources is $;

"(5) if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount stated in Subdivision (4) are: ; and

"(6) if applicable, the obligor is obligated to support children in more than one household, and:

"(A) the number of children before the court is;

"(B) the number of children not before the court residing in the same household with the obligor is; and

"(C) the number of children not before the court for whom the obligor is obligated by a court order to pay support, without regard to whether the obligor is delinquent in child support payments, and who are not counted under Paragraph (A) or (B) is."

(c) The application of the guidelines under Section 154.129 does not constitute a variance from the child support guidelines requiring specific findings by the court under this section.

Tex. Fam.Code Ann. § 154.130 (Vernon 2002).

By its terms, the statute requires the trial court provide findings upon request in contested hearings in which "the amount of the support is set or modified by the court." In this case, Appellant did not file a written request or make an oral request

during the proceeding. *See In Interest of Striegler*, 915 S.W.2d at 634–36.

■ Further, the record affirmatively shows that the trial court's failure to make findings of fact and conclusions of law does not prevent Appellant from making a proper presentation of her case to the appellate court. Even assuming that the request had been properly made for findings of fact and conclusions of law, any error under this record is harmless. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117 (1944); *Stubbs v. Stubbs*, 715 S.W.2d 373, 374–75 (Tex.App.-Houston [1st Dist.] 1986, no writ). Further, after review of the appellate record, we determine that there is ample evidence to support the trial court's implied findings and its implied findings are not against the great weight and preponderance of the evidence.

Appellant complains about the specific amount of the order because the trial court entered an order that reduced Appellee's child support obligation by only a small fraction. Her argument implies that the trial court is limited to finding only that Appellee was deliberately underemployed and, therefore, the child support obligation must not be reduced, or, that the trial court must reduce the obligation to the statutory 20 percent of the obligor's net resources. *See* Tex. Fam.Code Ann. § 154.125 (Vernon 2002). We disagree. Appellant does not consider the discretion provided to the trial court in determining the appropriate amount of child support obligation in evaluating the net resources of the obligor and the other factors which may be considered by the court. *See* Tex. Fam.Code Ann. § 154.062 and § 154.123 (Vernon 2002). Here, considering that we must presume that the trial court made findings of fact and conclusions of law in support of its order, we find there is ample evidence to support the implied findings.

■ The record provides no evidence of intentional underemployment on the part of Appellee. The only evidence presented is the factually specific evidence that Appellee moved back to El Paso from Phoenix, is now employed and is currently earning $7 per hour. Nothing in the record suggests that the reason that Appellee is employed in a position earning less money is for the purpose of evading his child support obligation. That is a critical factor which the trial court impliedly did not find to exist. Appellant argues that the finding must be related to the simplistic mathematical determination of 20 percent of the obligor's net monthly resources or is not supported by the evidence in the record. Paradoxically, Appellant appears to be arguing that the trial court may only order payment of Appellee's child support obligation based upon the statutory 20 percent of the $14 per hour wage rate or the $7 per hour wage rate. Clearly, the evidence is undisputed that Appellee no longer is earning $14 per hour. In light of our determination that the record establishes no evidence of deliberate underemployment by Appellee, we do not see how Appellant has been harmed by the trial court's order of a child support payment which, by Appellant's calculations, is warranted by an hourly wage of approximately $12 per hour. It is counterintuitive to believe that Appellant is arguing that the trial court may only order a payment based upon either the $14 or $7 figure with no option to order any amount in between.

When establishing an obligation, the trial court may consider factors such as the fact that Appellee has been furnished an automobile, housing, and other benefits by other people. *See* Tex. Fam.Code Ann. § 154.123(b)(10) (Vernon 2002). Again, because no findings are included in the record, we presume that the trial court considered such evidence in determining the appropriate obligation to be assessed

against Appellee. The only evidence presented reflects that Appellee has returned to El Paso, is employed working a 40–hour work week, resides with his girlfriend at her brother's home, drives his girlfriend's car, and is attempting to save money to buy a home. Nothing in the record suggests that Appellee has deliberately or intentionally sought out employment earning less money for the reason of evading his child support obligations. We note that if Appellee's station in life improves in the future, Appellant may apply for an adjustment of the support obligation.

 In order for a court to find that a parent is intentionally underemployed or unemployed under Section 154.066, there must be evidence the parent reduced his income for the purpose of decreasing his child support payments. *In re P.J.H.*, 25 S.W.3d 402, 405–06 (Tex. App.-Fort Worth 2000, no pet.); *see DuBois v. DuBois*, 956 S.W.2d 607, 610 (Tex. App.-Tyler 1997, no pet.). There is no presumption that simply because a parent is no longer as lucratively employed as he was during his marriage, he is intentionally underemployed or unemployed. *In re P.J.H.*, 25 S.W.3d at 406; *see DuBois*, 956 S.W.2d at 610. The requisite intent or lack thereof, however, may be inferred from such circumstances as the parent's business reversals, business background, and earning potential. *In re P.J.H.*, 25 S.W.3d at 406; *see DuBois*, 956 S.W.2d at 610, *citing Kish v. Kole*, 874 S.W.2d 835, 839 (Tex.App.-Beaumont 1994, no writ). At the same time, we must keep in mind a parent's right to pursue his or her own happiness. *In re P.J.H.*, 25 S.W.3d at 406; *see DuBois*, 956 S.W.2d at 610.

We note that Appellee does not complain of the trial court's order in this case. As Appellant argued, the amount awarded by the trial court correlates to an award based upon a pay scale of approximately $12 per hour, well above the $7 currently being earned by Appellee. Because Appellant presented no evidence that Appellee's decision to return to El Paso and accept alternative employment was a sham for his intention to avoid his child support obligations, we overrule both Appellant's issues and find the trial court did not abuse its discretion.

Having overruled Appellant's issues, we affirm the order of the trial court.