COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-074-CV

IN THE INTEREST OF T.N.H., 

J.D.H., AND M.C.H., CHILDREN

------------

FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Tanya Sue Wilson appeals the trial court’s order modifying the child support obligation of her ex-husband, James Drew Herriage.
(footnote: 2)  In six issues, Wilson alleges that the trial court erred or abused its discretion by modifying Herriage’s child support obligation, by admitting Herriage’s testimony, by failing to make findings of fact and conclusions of law, by failing to make complete statutory child support findings, and by overruling Wilson’s motion to reform the judgment.  We will affirm.

II.  Factual and Procedural Background

Wilson and Herriage divorced in March 2000.  The agreed final divorce decree appointed Wilson as the primary joint managing conservator of their three children.  The decree ordered Herriage to maintain health insurance for the children, to make monthly child support payments of $1,800, and to pay Wilson $96,000 in alimony in monthly increments of $1,600.  

Despite the agreed final divorce decree and Herriage’s obligations thereunder, Herriage failed to maintain health insurance for the children, reimburse Wilson for healthcare expenses not reimbursed by insurance, and make alimony payments during several months following the court’s order.  Consequently, in October 2001, Wilson filed a petition to enforce the agreed final divorce decree.  Herriage denied the allegations in Wilson’s petition to enforce and in December 2001—less than two years after the original child support order—filed a separate petition to reduce his child support obligation.     After a hearing, in January 2002, an associate judge found Herriage in contempt of the agreed divorce decree and entered a judgment against Herriage for $16,000 in unpaid contractual alimony payments, $1,287.46 in unpaid medical expenses and unreimbursed health premiums, and $2,631 in attorney’s fees.  Both Wilson and Herriage appealed the associate judge’s rulings to the district judge.

On April 4, 2002, after a hearing on Herriage’s petition to reduce child support, the associate judge entered an order reducing Herriage’s child support obligation to $1,040 per month.  Wilson appealed this order.  

Subsequently, on April 24, 2002, the parties signed a rule 11 agreement agreeing to reserve for final trial the issues regarding the temporary reduction of child support, contractual alimony arrears occurring after the associate judge’s $16,000 judgment, and unreimbursed medical expenses.  

On November 26, 2002, the district judge signed an order agreeing with the associate judge’s first report and finding that Herriage owed $16,000 in unpaid contractual alimony, $1,287.46 in unpaid healthcare expenses and unreimbursed healthcare coverage, and $2,631 in attorney’s fees.  In addition to these findings, the order also reserved for final trial Wilson’s appeal of the associate judge’s report modifying the amount of child support. 

The case proceeded toward final trial, and Wilson served requests for admissions and requests for production on Herriage seeking information regarding Herriage’s requested child support reduction.  When Herriage failed to timely respond to the requests for production, Wilson filed a motion for sanctions.  The trial court granted Wilson’s motion for sanctions and issued an October 27, 2004 sanction order precluding Herriage from “offering any evidence on his position on any matter requested by [Wilson] through discovery and not produced.”  

The case proceeded to final trial on March 21, 2005.  The parties stipulated that Herriage owed $76,343.04 plus interest for unpaid contractual alimony and $13,088.90 for delinquent child support.  Those stipulations left only the issues of child support modification and attorney’s fees for the trial court to decide.  Despite its previous sanctions order precluding Herriage from offering evidence on matters requested through discovery but not produced, the trial court permitted Herriage to testify over Wilson’s running objections.  After considering Herriage’s testimony and all other evidence, the trial court entered judgment enforcing the parties’ stipulations and granting Herriage’s motion to modify child support.

The trial court modified Herriage’s previous child support obligation by ordering him to pay $675.00 per month for child support and $125 per month toward child support in arrears until child support payments and child support arrearage payments were no longer due.  Thereafter, the trial court ordered Herriage to pay $800 per month until the judgment for unpaid contractual alimony was fully paid.  The trial court also entered a judgment against Herriage for $12,000 for Wilson’s attorney’s fees.  

After the trial court entered its judgment, Wilson requested child support findings in accordance with section 154.130(b) of the Texas Family Code and findings of fact and conclusions of law pursuant to rule 296 of the Texas Rules of Civil Procedure.  When the trial court failed to file the findings of fact and conclusions of law, Wilson filed a notice of past-due findings of fact and conclusions of law.  The trial court, however, made no findings of fact or conclusions of law.  Wilson also filed a motion to reform the judgment on three points.  The trial court partially granted the motion to reform the judgment—reforming only the amount of wage withholding—but denied the other relief requested in the motion.  This appeal followed.

III.  Herriage’s Testimony

In her first issue, Wilson alleges that the trial court erred by allowing Herriage to testify notwithstanding the prior sanction order.
(footnote: 3)  Wilson’s requests for production to Herriage sought documents and records related to the children’s health insurance and financial statements showing Herriage’s financial status, including loans, taxes, accounts, real estate, and earnings.
(footnote: 4)   Because Herriage failed to respond to Wilson’s requests for production, Wilson sought and the trial court entered a sanctions order that 
precluded Herriage from “offering any evidence on his position on any matter requested by [Wilson] through discovery and not produced.”  But at the final trial, the trial court nonetheless permitted Herriage to testify concerning his financial status and entered a final judgment reducing Herriage’s child support obligation. 

A.  Standard of Review
 

Generally, a trial court possesses discretion to rescind or set aside a prior order at any time before final judgment is entered.  
See generally Elder Constr., Inc. v. City of Colleyville
, 839 S.W.2d 91, 92 (Tex. 1992) (holding that so long as the trial court has plenary jurisdiction over the case, it could rescind a prior order at any time).  The trial court’s discretion to impose death penalty discovery sanctions is, however, limited in the first instance by the requirement that such sanctions be just.  
See
 
Tex. R. Civ. P.
 215.2(b); 
Cire v. Cummings
, 134 S.W.3d 835, 839 (Tex. 2004). 

To determine whether discovery sanctions are just, we must engage in a two-part inquiry.  
See Am. Flood Research, Inc. v. Jones
, 192 S.W.3d 581, 583 (Tex. 2006).  First, there must be a direct relationship between the conduct complained of and the sanction imposed.  
Id.; TransAmerican Natural Gas Corp. v. Powell
, 811 S.W.2d 913, 916 (Tex. 1991).  Second, the sanction must not be excessive; that is, a trial court must determine that less stringent sanctions would not have been sufficient.  
Am. Flood Research, Inc.
, 192 S.W.3d at 583.  

B.  Sanctions Order Not Just; No Showing Lesser Sanctions Were Ineffective

The Texas Family Code permits modification of child support in two circumstances:  (1) when there has been a substantial change in circumstances of the child or a person affected by the order; or (2) when it has been three years since the trial court rendered or last modified the order and the monthly amount under that order differs by 20% or $100 from an amount in accordance with the child support guidelines.  
Tex. Fam. Code Ann.
 § 156.401(a) (Vernon Supp. 2006).  Because three years had not passed since the trial court rendered its previous child support order, Herriage had to present evidence of a material or substantial change in circumstances in order to reduce his child support obligation.  But 
here, the trial court’s sanction order precluded 
Herriage from “offering any evidence on his position on any matter requested by [Wilson] through discovery and not produced” and thus acted as a death penalty sanction on Herriage’s  claim for reduction of his child support obligation.  
See TransAmerican Natural Gas Corp.
, 811 S.W.2d at 918
; see also
 
Davenport v. Scheble
, 201 S.W.3d 188, 193-94 (Tex. App.—Dallas 2006, no pet. h.) (explaining that order that essentially adjudicates a claim and precludes the presentation of the merits constitutes a death penalty sanction)
.

The law is well settled that death penalty discovery sanctions are  typically reserved for those cases where a party exhibits flagrant bad faith or the party’s counsel exhibits a “callous disregard for the responsibilities of discovery under the rules.”  
TransAmerican Natural Gas Corp.
, 811 S.W.2d at 918
 
(citing 
Nat’l Hockey League v. Metro. Hockey Club, Inc.
, 427 U.S. 639, 642-43, 96 S. Ct. 2778, 2780-81 (1976) (per curiam)).  Additionally, death penalty sanctions are typically not supportable absent attempts to enforce compliance through lesser sanctions.  
See, e.g., Am. Flood Research, Inc.
, 192 S.W.3d at 581 (recognizing that an appellate court reviewing a sanctions order must ensure that “less severe sanctions would not have been sufficient to promote compliance”).

The record here does not demonstrate flagrant bad faith or a callous disregard for the discovery rules. Herriage stipulated to his delinquent child support obligations and cooperated with Wilson and the Attorney General in formulating a compliance plan.  Likewise, the record contains no evidence that the trial court considered lesser sanctions or determined that less severe sanctions would not promote compliance by Herriage in responding to Wilson’s requests for production.  In fact, the record before us does not contain a motion to compel; Herriage’s failure to respond to Wilson’s requests for production was met with a motion for sanctions.  Therefore, we hold that the trial court’s October 27, 2004 sanctions order prohibiting Herriage from “offering any evidence on his position on any matter requested by [Wilson] through discovery and not produced” constituted an abuse of discretion.  
See id.

C.  No Abuse of Discretion in Overruling Sanctions Order

Because, for the reasons set forth above, the trial court’s initial sanctions order constituted an abuse of discretion, the trial court clearly did not abuse its discretion by implicitly overruling and refusing to enforce its prior sanctions order.
(footnote: 5)  
See Am. Flood Research, Inc.
, 192 S.W.3d at 583.  
We hold that the trial court did not act without reference to guiding rules or principles by permitting Herriage to testify.
(footnote: 6)  
See Cire
, 134 S.W.3d at 838.  Accordingly, we overrule Wilson’s first issue.

IV.  Modification of Child Support Obligation

In her second issue, Wilson argues that the evidence is legally and factually insufficient to support modification of the child support obligation.  This issue incorporates the abuse of discretion and the sufficiency standards of review.  
See Knight v. Knight
, 131 S.W.3d 535, 538 (Tex. App.—El Paso 2004, no pet.).  Accordingly, we must address the manner in which they overlap in the family law context.

Where appellate review combines legal and factual sufficiency claims with abuse of discretion claims, we engage in a two-pronged inquiry in the family law context.  
See id. 
at 539.  First, we determine whether the trial court had sufficient evidence upon which to exercise its discretion.  
Id.
  Second, we determine whether the trial court erred by utilizing its discretion. 
Id.
  The first prong engages the legal and factual sufficiency standards of review while the second employs 
the abuse of discretion standard.

A.  Sufficiency Standards of Review

A legal sufficiency challenge may only be sustained when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999);
 Robert W. Calvert, 
“No Evidence”
 
and “Insufficient Evidence” Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)
.  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable fact-finder could, and disregard evidence contrary to the finding unless a reasonable fact-finder could not.
  
City of Keller v. Wilson
, 
168 S.W.3d 802, 827
 (Tex. 2005). 

An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).

1.  Evidence Supporting Modification

A court may modify an order for child support in two circumstances:  first, if there has been a substantial change in circumstances of the child or a person affected by the order, and 
second, if three years have elapsed since the original order or last modification and the monthly amount differs by either 20% or $100 from an amount determined through the child support guidelines.  
See
  
Tex. Fam. Code Ann.
 § 156.401(a).  
Herriage was the only witness at the final trial.  He testified that he had a one-year-old child, in addition to the three before the court, who requires a special formula for digestive problems and a helmet to remedy a birth deformity.  Herriage testified that he purchased a home for $229,000 in 2004 but that his electricity had been cut off six or seven times; he could not provide food for his one-year-old child or the child’s mother; he could not make a house payment for “10, 11, 12 months”; he could not pay his credit cards; and he filed for Chapter 13 bankruptcy twice.  

At the time of divorce and during the previous hearings before the associate judge, Herriage testified that he served as vice president of Inland Transit Systems, Inc., a company he and his brother started several years prior.  In that position, his gross bimonthly earnings were $3,344.84.  It was that sum that the original child support order was based upon.  But after leaving that job, Herriage testified that he was out of work for “a long time.”  His next employment came as a truck driver beginning “late 2004,” and Herriage testified that he got paid $0.25 per mile as compensation, he received nine pay stubs during his employment there, and his average gross weekly pay was $641 per week.  

The trial court neither received evidence on Wilson’s current or past financial circumstances nor evidence on the circumstances of the three children before the court.  Based only upon the evidence of Herriage’s financial circumstances, the trial court reduced Herriage’s child support obligation and ordered that he pay $675 per month in child support and $125 per month in child support arrears until the $13,088.90 judgement was paid in full.   

Wilson alleges that Herriage’s failure to provide any evidence of the children’s or her own financial circumstances at the time of divorce or at the time of final trial rendered the trial court’s order modifying child support improper.  But the family code permits modification if the “circumstances of the child 
or
 person affected by the order have materially and substantially changed.”  
Tex. Fam. Code Ann.
 § 156.401(a)(1) (emphasis added).  Accordingly, if the trial court had sufficient evidence of a material or substantial change in either Herriage’s, Wilson’s, or the children’s circumstances, it had sufficient evidence to exercise its discretion to modify child support.  
See Cannon v. Cannon
, 646 S.W.2d 295, 297 (Tex. App.—Tyler 1983, no writ).   After considering all of the evidence favorable to the trial court’s order that a reasonable fact-finder could consider and disregarding all of the contrary evidence, we hold that there was legally sufficient evidence of a material or substantial change in Herriage’s circumstances.  
See City of Keller
, 168 S.W.3d at 827.  We further hold that the evidence supporting the trial court’s order was not so weak nor the contrary evidence so overwhelming as to render the evidence supporting the trial court’s order factually insufficient.  
See Garza
, 395 S.W.2d at 823.  
Because the evidence was legally and factually sufficient to support a finding of a material or substantial change in Herriage’s circumstances, we hold that the trial court had sufficient evidence on which to exercise its discretion.  
See 
 Knight
, 131 S.W.3d at 539.  

B.  Abuse of Discretion Standard

The trial court has broad discretion in setting and modifying child support payments and, absent a clear abuse of that discretion, we will not disturb the trial court's order on appeal.  
In re P.J.H.
, 25 S.W.3d 402, 405 (Tex. App.—Fort Worth 2000, no pet.).  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles, in other words, whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985).  An abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision.  
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 211 (Tex. 2001).  We will not reverse the trial court's judgment merely because we consider the amount of the child support award either too high or too low.  
P.J.H.
, 25 S.W.3d at 405.

The guiding rules for modifying child support obligations stem from section 156.401 of the family code, which authorizes modification under the two circumstances mentioned above. 
See 
Tex. Fam. Code Ann.
 § 156.401(a).  Legally and factually sufficient evidence support a finding that a material or substantial change occurred in Herriage’s circumstances—a statutory ground authorizing modification.  Because the trial court acted in reference to guiding rules based on legally and factually sufficient evidence, we cannot say that the trial court’s order modifying child support was arbitrary or unreasonable.  
See Butnaru
, 84 S.W.3d at 211
; Downer
, 701 S.W.2d at 241-42
.  Accordingly, we overrule Wilson’s second issue on appeal.

V.   The Child Support Guidelines

In her third issue, Wilson contends that the trial court’s application of the child support guidelines was erroneous because the trial court failed to calculate Herriage’s gross income on an annual basis and failed to require Herriage to produce evidence of his income for the two years before trial.  Wilson failed, however, to challenge the trial court’s judgment on either of these grounds in the trial court.  Wilson did not raise this alleged miscalculation during trial or in a post-judgment motion.
(footnote: 7)  A complaint is not preserved for appellate review when a party fails to raise the complaint in the trial court.  
See 
Tex. R. App. P.
 33.1; 
Moroch v. Collins
, 174 S.W.3d 849, 869 (Tex. App.—Dallas 2005, pet. denied) (holding that issue was not preserved for appellate review when party failed to raise issue at trial or in motion for new trial).  We overrule Wilson’s third issue.

VI.  Failure to Make Findings

In her fourth and fifth issues, Wilson contends that the trial court’s failure to make findings of facts and conclusions of law or complete child support findings, respectively, prevented her from challenging the judgment on appeal.  

 
 A.  Findings of Fact and Conclusions of Law

Wilson timely requested findings of fact and conclusions of law after the trial court entered its order modifying the parent-child relationship, enforcing child support, and enforcing contractual alimony.  
See 
Tex. R. Civ. P.
 296.  The trial court failed to make findings of fact or conclusions of law within the allotted time;  Wilson timely filed a notice of past-due findings of fact and conclusions of law.  No findings or conclusions were ever made.  

The trial court must file written findings of fact and conclusions of law when timely requested by a party. 
See
 
Tex. R. Civ. P.
 296, 297; 
Cherne Indus., Inc. v. Magallanes
, 763 S.W.2d 768, 772 (Tex. 1989) (recognizing trial court's duty to make findings and conclusions is mandatory when they are timely requested by a party).  The trial court’s failure to respond to a timely request constitutes error and is presumed harmful unless the record affirmatively shows that the complaining party has suffered no harm.  
Cherne Indus., Inc.
, 763 S.W.2d at 772.  Harm occurs when the circumstances of the particular case force an appellant to guess the reason or reasons that the trial court ruled against it.  
See Nev. Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.
, No. 08-04-00229-CV, 2005 WL 2044903, at *6 (Tex. App.—El Paso, Aug. 25, 2005, no pet.).  Where an appellant’s recovery or defense is predicated upon a single ground, the lack of findings or conclusions does not require the appellant to guess as to the reason for the trial court’s ruling.  
See Larry F. Smith, Inc. v. Weber Co.
, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied).  But where an appellant’s recovery or defense is predicated upon two or more possible grounds, the lack of findings or conclusions forces an appellant to guess as to basis for the trial court’s ruling.  
Id.  

Here, the trial court’s failure to enter timely requested findings of fact or conclusions of law is presumed harmful unless the record affirmatively shows that Wilson suffered no harm.  
See Cherne Indus., Inc.
, 763 S.W.2d at 772.  Wilson claims that she was harmed by the trial court’s failure to make findings of fact and conclusions of law.
(footnote: 8)  But the record before us, as well as the arguments made by Wilson in her brief, affirmatively demonstrate that she was not forced to guess the reason that the trial court ruled against her.

Here, the trial court could modify Herriage’s child support obligation only upon a showing of a material or substantial change in Herriage’s circumstances or a 20% or $100 difference in child support from the last child support order.  
See 
Tex. Fam. Code Ann.
 § 156.401(a).  Because—when Herriage filed his petition to modify—three years had not yet passed from the issuance of the prior child support order, the second statutory basis for modification did not exist here.
(footnote: 9) 
See id.  
Thus, the trial court’s failure to enter findings of fact or conclusions of law did not leave Wilson to guess the basis for the trial court’s ruling against her and did not prevent her from making a proper presentation of her case to this court.  
See Gaxiola v. Garcia
, 169 S.W.3d 426, 431 (Tex. App.—El Paso 2005, no pet.) (holding that even had the appellant filed a notice of past due findings, the trial court’s failure to enter those findings did not preclude a presentation of her appeal and was harmless error).  We hold that the trial court’s error in failing to enter findings of fact and conclusions of law was, in the present case, harmless.  We overrule Wilson’s fourth issue.

B.  Child Support Findings

Wilson also requested that the trial court make child support findings pursuant to section 154.130(b) of the family code.  
See
 
Tex. Fam. Code Ann.
 § 154.130(b).  
The trial court timely made those findings and fully complied with the family code and entered all required findings except for a finding regarding the monthly net resources of the obligee, Wilson.  Wilson contends that the trial court’s failure to enter that specific finding prevents her from challenging the judgment on appeal.  Wilson, however, did not lodge any objection to the trial court’s failure to make this particular finding.  Consequently, this purported error was not preserved for our review.  
See
 
Tex. R. App. P.
 33.1(a); 
see also 
Tex. R. Evid.
 103(a)(1); 
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  We overrule Wilson’s fifth issue regarding the allegedly incomplete statutory child support findings.  
See In re Valadez
, 980 S.W.2d 910, 914 (Tex. App.—Corpus Christi 1998, pet. denied).

VII.  Motion to Reform Judgment

In her sixth and final issue, Wilson contends that the trial court erred by denying her motion to reform the judgment.  Specifically, Wilson contends that Herriage offered legally or factually insufficient evidence to support the associate judge’s temporary reduction in child support and that the amount of child support arrearage should be increased in accordance with the initial child support obligation ordered in the divorce decree.  Basically, Wilson’s sixth issue raises the same contentions as her second issue:  her sixth issue claims that the trial court erred by denying her motion to reform because the evidence was insufficient, and her second issue claims that the evidence is legally and factually insufficient to support the judgment. We have previously addressed the sufficiency of the evidence in connection with Wilson’s second issue, and we held that legally and factually sufficient evidence existed to support the trial court’s exercise of discretion in reducing Herriage’s child support obligation. For these same reasons, the trial court did not err by denying Wilson’s motion to reform the judgment on the basis of insufficient evidence.  We overrule Wilson’s sixth issue.

VIII.  Conclusion

Because the trial court did not abuse its discretion by permitting Herriage to testify, because the trial court’s failure to make findings of fact and conclusions of law was harmless, because there was legally and factually sufficient evidence to warrant a modification in child support, and because Wilson failed to preserve her complaints regarding the trial court’s allegedly erroneous application of the child support guidelines and the trial court’s failure to enter complete child support findings, we overrule all of Wilson’s issues and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: February 15, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Herriage has not filed an appellee’s brief.

3:
Although the trial court did not expressly overrule its prior sanctions order, the trial court implicitly overruled the order by admitting Herriage’s testimony concerning his current financial status over Wilson’s objections.  
See generally
 
In re T.M.
, 33 S.W.3d 341, 345 (Tex. App.—Amarillo 2000, no pet.) (recognizing implicit ruling by trial court in another context); 
Ocean Transp., Inc. v. Greycas, Inc.
, 878 S.W.2d 256, 262 (Tex. App.—Corpus Christi 1994, writ denied) (same).

4:
Although Wilson’s motion for sanctions alleges that Herriage failed to answer requests for admissions as well as requests for production, at trial Wilson’s attorney stated that Herriage “answered only the admissions[] and did not produce anything.” 

5:
Although Wilson’s counsel astutely objected to the admission of Herriage’s testimony, claiming surprise and requesting a continuance, the trial court made no ruling on the objection, and the failure to grant a continuance is not one of the issues before us. 

6:
Although Wilson couches her issue as whether the trial court abused its discretion by failing to enforce its prior sanction order, this issue necessarily encompasses resolution of whether the sanctions order itself constituted an abuse of discretion because it would be an abuse of discretion to enforce a sanctions order that should not have been entered.

7:
Wilson’s motion to reform challenged (1) the amount of child support arrearage set forth in the judgment, (2) the amount of wage withholding set forth in the judgment, and (3) the trial court’s decision to admit Herriage’s testimony despite the prior death penalty discovery sanction order.   

8:
Specifically, Wilson claims that she was harmed by the lack of findings of fact and conclusions of law because she could not know whether

(a) the trial court based child support on [Herriage’s] income for nine weeks because the court found he had no income for the remaining forty-three weeks of the year; or

(b) the trial court found it was “not feasible” to compute [Herriage’s] income on an annual basis as provided by Tex. Fam. Code § 154.061(a); or

(c) the trial court found evidence of [Herriage’s] income for nine weeks was adequate to support a finding of his net income without evidence of his income for the other forty-three weeks; or

(d) the trial court found modification was warranted because [Herriage’s] evidence demonstrated a substantial change of circumstances.

9:
Likewise, the only evidence admitted by the trial court—Herriage’s testimony—was relevant to this ground for child support modification.  Herriage presented testimony regarding his current circumstances and lower-paying job, including the nine weeks’ worth of reported income.