COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

NO.
2-06-074-CV

 

IN THE INTEREST OF T.N.H., 

 

J.D.H., AND M.C.H., CHILDREN

                                              ------------

 

           FROM THE 360TH DISTRICT COURT OF
TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Tanya Sue Wilson appeals the trial
court=s order
modifying the child support obligation of her ex-husband, James Drew Herriage.[2]  In six issues, Wilson alleges that the trial
court erred or abused its discretion by modifying Herriage=s child
support obligation, by admitting Herriage=s
testimony, by failing to make findings of fact and conclusions of law, by
failing to make complete statutory child support findings, and by overruling
Wilson=s motion
to reform the judgment.  We will affirm.








II.  Factual and Procedural Background

Wilson and Herriage divorced in March 2000.  The agreed final divorce decree appointed
Wilson as the primary joint managing conservator of their three children.  The decree ordered Herriage to maintain
health insurance for the children, to make monthly child support payments of
$1,800, and to pay Wilson $96,000 in alimony in monthly increments of
$1,600.  

Despite the agreed final divorce decree and
Herriage=s
obligations thereunder, Herriage failed to maintain health insurance for the
children, reimburse Wilson for healthcare expenses not reimbursed by insurance,
and make alimony payments during several months following the court=s
order.  Consequently, in October 2001,
Wilson filed a petition to enforce the agreed final divorce decree.  Herriage denied the allegations in Wilson=s
petition to enforce and in December 2001Cless
than two years after the original child support orderCfiled a
separate petition to reduce his child support obligation.         After
a hearing, in January 2002, an associate judge found Herriage in contempt of
the agreed divorce decree and entered a judgment against Herriage for $16,000
in unpaid contractual alimony payments, $1,287.46 in unpaid medical expenses
and unreimbursed health premiums, and $2,631 in attorney=s
fees.  Both Wilson and Herriage appealed
the associate judge=s rulings to the district judge.








On April 4, 2002, after a hearing on Herriage=s
petition to reduce child support, the associate judge entered an order reducing
Herriage=s child
support obligation to $1,040 per month. 
Wilson appealed this order.  

Subsequently, on April 24, 2002, the parties
signed a rule 11 agreement agreeing to reserve for final trial the issues
regarding the temporary reduction of child support, contractual alimony arrears
occurring after the associate judge=s
$16,000 judgment, and unreimbursed medical expenses.  

On November 26, 2002, the district judge signed
an order agreeing with the associate judge=s first
report and finding that Herriage owed $16,000 in unpaid contractual alimony,
$1,287.46 in unpaid healthcare expenses and unreimbursed healthcare coverage,
and $2,631 in attorney=s fees.  In addition to these findings, the order also
reserved for final trial Wilson=s appeal
of the associate judge=s report modifying the amount of
child support. 








The case proceeded toward final trial, and Wilson
served requests for admissions and requests for production on Herriage seeking
information regarding Herriage=s
requested child support reduction.  When
Herriage failed to timely respond to the requests for production, Wilson filed
a motion for sanctions.  The trial court
granted Wilson=s motion for sanctions and
issued an October 27, 2004 sanction order precluding Herriage from Aoffering
any evidence on his position on any matter requested by [Wilson] through
discovery and not produced.@  

The case proceeded to final trial on March 21,
2005.  The parties stipulated that
Herriage owed $76,343.04 plus interest for unpaid contractual alimony and
$13,088.90 for delinquent child support. 
Those stipulations left only the issues of child support modification
and attorney=s fees for the trial court to
decide.  Despite its previous sanctions
order precluding Herriage from offering evidence on matters requested through
discovery but not produced, the trial court permitted Herriage to testify over
Wilson=s
running objections.  After considering
Herriage=s
testimony and all other evidence, the trial court entered judgment enforcing
the parties= stipulations and granting
Herriage=s motion
to modify child support.

The trial court modified Herriage=s
previous child support obligation by ordering him to pay $675.00 per month for
child support and $125 per month toward child support in arrears until child
support payments and child support arrearage payments were no longer due.  Thereafter, the trial court ordered Herriage
to pay $800 per month until the judgment for unpaid contractual alimony was
fully paid.  The trial court also entered
a judgment against Herriage for $12,000 for Wilson=s
attorney=s
fees.  








After the trial court entered its judgment,
Wilson requested child support findings in accordance with section 154.130(b)
of the Texas Family Code and findings of fact and conclusions of law pursuant
to rule 296 of the Texas Rules of Civil Procedure.  When the trial court failed to file the
findings of fact and conclusions of law, Wilson filed a notice of past-due
findings of fact and conclusions of law. 
The trial court, however, made no findings of fact or conclusions of
law.  Wilson also filed a motion to
reform the judgment on three points.  The
trial court partially granted the motion to reform the judgmentCreforming
only the amount of wage withholdingCbut
denied the other relief requested in the motion.  This appeal followed.

III.  Herriage=s Testimony








In her first issue, Wilson alleges that the trial
court erred by allowing Herriage to testify notwithstanding the prior sanction
order.[3]  Wilson=s
requests for production to Herriage sought documents and records related to the
children=s health
insurance and financial statements showing Herriage=s
financial status, including loans, taxes, accounts, real estate, and earnings.[4]   Because Herriage failed to respond to Wilson=s
requests for production, Wilson sought and the trial court entered a sanctions
order that precluded Herriage from Aoffering
any evidence on his position on any matter requested by [Wilson] through
discovery and not produced.@  But at the final trial, the trial court
nonetheless permitted Herriage to testify concerning his financial status and
entered a final judgment reducing Herriage=s child
support obligation. 

A. 
Standard of Review 

Generally, a trial court possesses discretion to
rescind or set aside a prior order at any time before final judgment is
entered.  See generally Elder Constr.,
Inc. v. City of Colleyville, 839 S.W.2d 91, 92 (Tex. 1992) (holding that so
long as the trial court has plenary jurisdiction over the case, it could
rescind a prior order at any time).  The
trial court=s discretion to impose death
penalty discovery sanctions is, however, limited in the first instance by the
requirement that such sanctions be just. 
See Tex. R. Civ. P.
215.2(b); Cire v. Cummings, 134 S.W.3d 835, 839 (Tex. 2004). 








To determine whether discovery sanctions are
just, we must engage in a two-part inquiry. 
See Am. Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex.
2006).  First, there must be a direct
relationship between the conduct complained of and the sanction imposed.  Id.; TransAmerican Natural Gas Corp. v.
Powell, 811 S.W.2d 913, 916 (Tex. 1991). 
Second, the sanction must not be excessive; that is, a trial court must
determine that less stringent sanctions would not have been sufficient.  Am. Flood Research, Inc., 192 S.W.3d
at 583.  

B.  Sanctions Order Not Just; No Showing Lesser
Sanctions Were Ineffective

 








The
Texas Family Code permits modification of child support in two circumstances:  (1) when there has been a substantial change
in circumstances of the child or a person affected by the order; or (2) when it
has been three years since the trial court rendered or last modified the order
and the monthly amount under that order differs by 20% or $100 from an amount
in accordance with the child support guidelines.  Tex.
Fam. Code Ann. ' 156.401(a) (Vernon Supp.
2006).  Because three years had not
passed since the trial court rendered its previous child support order,
Herriage had to present evidence of a material or substantial change in
circumstances in order to reduce his child support obligation.  But here, the trial court=s
sanction order precluded Herriage from Aoffering
any evidence on his position on any matter requested by [Wilson] through
discovery and not produced@ and
thus acted as a death penalty sanction on Herriage=s  claim for reduction of his child support
obligation.  See TransAmerican Natural
Gas Corp., 811 S.W.2d at 918; see also Davenport v. Scheble,
201 S.W.3d 188, 193-94 (Tex. App.CDallas
2006, no pet. h.) (explaining that order that essentially adjudicates a claim
and precludes the presentation of the merits constitutes a death penalty
sanction).

The law
is well settled that death penalty discovery sanctions are  typically reserved for those cases where a
party exhibits flagrant bad faith or the party=s
counsel exhibits a Acallous disregard for the
responsibilities of discovery under the rules.@  TransAmerican Natural Gas Corp., 811
S.W.2d at 918 (citing Nat=l Hockey
League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642-43, 96 S.
Ct. 2778, 2780-81 (1976) (per curiam)). 
Additionally, death penalty sanctions are typically not supportable
absent attempts to enforce compliance through lesser sanctions.  See, e.g., Am. Flood Research, Inc.,
192 S.W.3d at 581 (recognizing that an appellate court reviewing a sanctions
order must ensure that Aless severe sanctions would not
have been sufficient to promote compliance@).








The
record here does not demonstrate flagrant bad faith or a callous disregard for
the discovery rules. Herriage stipulated to his delinquent child support
obligations and cooperated with Wilson and the Attorney General in formulating
a compliance plan.  Likewise, the record
contains no evidence that the trial court considered lesser sanctions or
determined that less severe sanctions would not promote compliance by Herriage
in responding to Wilson=s requests for production.  In fact, the record before us does not
contain a motion to compel; Herriage=s
failure to respond to Wilson=s
requests for production was met with a motion for sanctions.  Therefore, we hold that the trial court=s
October 27, 2004 sanctions order prohibiting Herriage from Aoffering
any evidence on his position on any matter requested by [Wilson] through discovery
and not produced@ constituted an abuse of
discretion.  See id.

C.  No Abuse of Discretion in Overruling
Sanctions Order








Because,
for the reasons set forth above, the trial court=s
initial sanctions order constituted an abuse of discretion, the trial court
clearly did not abuse its discretion by implicitly overruling and refusing to
enforce its prior sanctions order.[5]  See Am. Flood Research, Inc., 192
S.W.3d at 583.  We hold that the trial
court did not act without reference to guiding rules or principles by
permitting Herriage to testify.[6]  See Cire, 134 S.W.3d at 838.  Accordingly, we overrule Wilson=s first
issue.

IV. 
Modification of Child Support Obligation

In her
second issue, Wilson argues that the evidence is legally and factually
insufficient to support modification of the child support obligation.  This issue incorporates the abuse of
discretion and the sufficiency standards of review.  See Knight v. Knight, 131 S.W.3d 535,
538 (Tex. App.CEl Paso 2004, no pet.).  Accordingly, we must address the manner in
which they overlap in the family law context.

Where
appellate review combines legal and factual sufficiency claims with abuse of
discretion claims, we engage in a two-pronged inquiry in the family law context.  See id. at 539.  First, we determine whether the trial court
had sufficient evidence upon which to exercise its discretion.  Id. 
Second, we determine whether the trial court erred by utilizing its
discretion. Id.  The first prong
engages the legal and factual sufficiency standards of review while the second
employs the abuse of discretion standard.








A.  Sufficiency Standards of Review

A legal
sufficiency challenge may only be sustained when (1) the record discloses a
complete absence of evidence of a vital fact, (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact, (3) the evidence offered to prove a vital fact is no more than a
mere scintilla, or (4) the evidence establishes conclusively the opposite of a
vital fact.  Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526
U.S. 1040 (1999); Robert W. Calvert, ANo
Evidence@ and AInsufficient
Evidence@ Points of Error, 38 TEX. L. REV. 361,
362-63 (1960).  In determining whether there
is legally sufficient evidence to support the finding under review, we must
consider evidence favorable to the finding if a reasonable fact-finder could,
and disregard evidence contrary to the finding unless a reasonable fact-finder
could not.  City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005). 








An
assertion that the evidence is factually insufficient to support a fact finding
means that the evidence supporting the finding is so weak or the evidence to
the contrary is so overwhelming that the answer should be set aside and a new
trial ordered.  Garza v. Alviar,
395 S.W.2d 821, 823 (Tex. 1965).  We are
required to consider all of the evidence in the case in making this
determination, not just the evidence that supports the finding.  Mar. Overseas Corp. v. Ellis, 971
S.W.2d 402, 406-07 (Tex.), cert. denied, 525 U.S. 1017 (1998).

1.  Evidence Supporting Modification

A court
may modify an order for child support in two circumstances:  first, if there has been a substantial change
in circumstances of the child or a person affected by the order, and second, if
three years have elapsed since the original order or last modification and the
monthly amount differs by either 20% or $100 from an amount determined through
the child support guidelines.  See  Tex.
Fam. Code Ann. ' 156.401(a).  Herriage was the only witness at the final
trial.  He testified that he had a
one-year-old child, in addition to the three before the court, who requires a
special formula for digestive problems and a helmet to remedy a birth
deformity.  Herriage testified that he
purchased a home for $229,000 in 2004 but that his electricity had been cut off
six or seven times; he could not provide food for his one-year-old child or the
child=s
mother; he could not make a house payment for A10, 11,
12 months@; he could not pay his credit
cards; and he filed for Chapter 13 bankruptcy twice.  








At the
time of divorce and during the previous hearings before the associate judge,
Herriage testified that he served as vice president of Inland Transit Systems,
Inc., a company he and his brother started several years prior.  In that position, his gross bimonthly earnings
were $3,344.84.  It was that sum that the
original child support order was based upon. 
But after leaving that job, Herriage testified that he was out of work
for Aa long
time.@  His next employment came as a truck driver
beginning Alate 2004,@ and
Herriage testified that he got paid $0.25 per mile as compensation, he received
nine pay stubs during his employment there, and his average gross weekly pay
was $641 per week.  

The
trial court neither received evidence on Wilson=s
current or past financial circumstances nor evidence on the circumstances of
the three children before the court. 
Based only upon the evidence of Herriage=s
financial circumstances, the trial court reduced Herriage=s child
support obligation and ordered that he pay $675 per month in child support and
$125 per month in child support arrears until the $13,088.90 judgement was paid
in full.   








Wilson
alleges that Herriage=s failure to provide any
evidence of the children=s or her own financial
circumstances at the time of divorce or at the time of final trial rendered the
trial court=s order modifying child support
improper.  But the family code permits
modification if the Acircumstances of the child or
person affected by the order have materially and substantially changed.@  Tex.
Fam. Code Ann. ' 156.401(a)(1) (emphasis added).
 Accordingly, if the trial court had
sufficient evidence of a material or substantial change in either Herriage=s,
Wilson=s, or
the children=s circumstances, it had
sufficient evidence to exercise its discretion to modify child support.  See Cannon v. Cannon, 646 S.W.2d 295,
297 (Tex. App.CTyler 1983, no writ).          After
considering all of the evidence favorable to the trial court=s order
that a reasonable fact-finder could consider and disregarding all of the
contrary evidence, we hold that there was legally sufficient evidence of a
material or substantial change in Herriage=s
circumstances.  See City of Keller,
168 S.W.3d at 827.  We further hold that
the evidence supporting the trial court=s order
was not so weak nor the contrary evidence so overwhelming as to render the
evidence supporting the trial court=s order
factually insufficient.  See Garza,
395 S.W.2d at 823.  Because the
evidence was legally and factually sufficient to support a finding of a
material or substantial change in Herriage=s circumstances,
we hold that the trial court had sufficient evidence on which to exercise its
discretion.  See  Knight, 131 S.W.3d at 539.  

B.  Abuse of Discretion Standard








The
trial court has broad discretion in setting and modifying child support
payments and, absent a clear abuse of that discretion, we will not disturb the
trial court's order on appeal.  In re
P.J.H., 25 S.W.3d 402, 405 (Tex. App.CFort
Worth 2000, no pet.).  To determine
whether a trial court abused its discretion, we must decide whether the trial
court acted without reference to any guiding rules or principles, in other
words, whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241‑42 (Tex. 1985). 
An abuse of discretion does not occur as long as some evidence of
substantive and probative character exists to support the trial court's
decision.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 211 (Tex. 2001).  We will
not reverse the trial court's judgment merely because we consider the amount of
the child support award either too high or too low.  P.J.H., 25 S.W.3d at 405.

The
guiding rules for modifying child support obligations stem from section 156.401
of the family code, which authorizes modification under the two circumstances
mentioned above. See Tex. Fam.
Code Ann. ' 156.401(a).  Legally and factually sufficient evidence
support a finding that a material or substantial change occurred in Herriage=s
circumstancesCa statutory ground authorizing modification.  Because the trial court acted in reference to
guiding rules based on legally and factually sufficient evidence, we cannot say
that the trial court=s order modifying child support
was arbitrary or unreasonable.  See
Butnaru, 84 S.W.3d at 211; Downer, 701 S.W.2d at 241‑42.  Accordingly, we overrule Wilson=s second
issue on appeal.

V.   The Child
Support Guidelines








In her
third issue, Wilson contends that the trial court=s
application of the child support guidelines was erroneous because the trial
court failed to calculate Herriage=s gross
income on an annual basis and failed to require Herriage to produce evidence of
his income for the two years before trial. 
Wilson failed, however, to challenge the trial court=s
judgment on either of these grounds in the trial court.  Wilson did not raise this alleged
miscalculation during trial or in a post-judgment motion.[7]  A complaint is not preserved for appellate
review when a party fails to raise the complaint in the trial court.  See Tex.
R. App. P. 33.1; Moroch v. Collins, 174 S.W.3d 849, 869 (Tex.
App.CDallas
2005, pet. denied) (holding that issue was not preserved for appellate review
when party failed to raise issue at trial or in motion for new trial).  We overrule Wilson=s third
issue.

VI.  Failure to
Make Findings

In her
fourth and fifth issues, Wilson contends that the trial court=s
failure to make findings of facts and conclusions of law or complete child
support findings, respectively, prevented her from challenging the judgment on
appeal.  

 








        A.  Findings of Fact and Conclusions of Law

Wilson
timely requested findings of fact and conclusions of law after the trial court
entered its order modifying the parent-child relationship, enforcing child
support, and enforcing contractual alimony. 
See Tex. R. Civ. P.
296.  The trial court failed to make
findings of fact or conclusions of law within the allotted time;  Wilson timely filed a notice of past-due
findings of fact and conclusions of law. 
No findings or conclusions were ever made.  








The
trial court must file written findings of fact and conclusions of law when
timely requested by a party. See Tex.
R. Civ. P. 296, 297; Cherne Indus., Inc. v. Magallanes, 763
S.W.2d 768, 772 (Tex. 1989) (recognizing trial court's duty to make findings
and conclusions is mandatory when they are timely requested by a party).  The trial court=s
failure to respond to a timely request constitutes error and is presumed
harmful unless the record affirmatively shows that the complaining party has
suffered no harm.  Cherne Indus., Inc.,
763 S.W.2d at 772.  Harm occurs when the
circumstances of the particular case force an appellant to guess the reason or
reasons that the trial court ruled against it. 
See Nev. Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.,
No. 08-04-00229-CV, 2005 WL 2044903, at *6 (Tex. App.CEl Paso,
Aug. 25, 2005, no pet.).  Where an
appellant=s recovery or defense is
predicated upon a single ground, the lack of findings or conclusions does not
require the appellant to guess as to the reason for the trial court=s
ruling.  See Larry F. Smith, Inc. v.
Weber Co., 110 S.W.3d 611, 614 (Tex. App.CDallas
2003, pet. denied).  But where an
appellant=s recovery or defense is
predicated upon two or more possible grounds, the lack of findings or
conclusions forces an appellant to guess as to basis for the trial court=s
ruling.  Id.  








Here,
the trial court=s failure to enter timely
requested findings of fact or conclusions of law is presumed harmful unless the
record affirmatively shows that Wilson suffered no harm.  See Cherne Indus., Inc., 763 S.W.2d at
772.  Wilson claims that she was harmed
by the trial court=s failure to make findings of
fact and conclusions of law.[8]  But the record before us, as well as the
arguments made by Wilson in her brief, affirmatively demonstrate that she was
not forced to guess the reason that the trial court ruled against her.








Here,
the trial court could modify Herriage=s child
support obligation only upon a showing of a material or substantial change in
Herriage=s
circumstances or a 20% or $100 difference in child support from the last child
support order.  See Tex. Fam. Code Ann. '
156.401(a).  BecauseCwhen
Herriage filed his petition to modifyCthree
years had not yet passed from the issuance of the prior child support order,
the second statutory basis for modification did not exist here.[9]
See id.  Thus, the trial court=s
failure to enter findings of fact or conclusions of law did not leave Wilson to
guess the basis for the trial court=s ruling
against her and did not prevent her from making a proper presentation of her
case to this court.  See Gaxiola v.
Garcia, 169 S.W.3d 426, 431 (Tex. App.CEl Paso
2005, no pet.) (holding that even had the appellant filed a notice of past due
findings, the trial court=s failure to enter those
findings did not preclude a presentation of her appeal and was harmless
error).  We hold that the trial court=s error
in failing to enter findings of fact and conclusions of law was, in the present
case, harmless.  We overrule Wilson=s fourth
issue.

B.  Child Support Findings








Wilson
also requested that the trial court make child support findings pursuant to
section 154.130(b) of the family code.  See
Tex. Fam. Code Ann. '
154.130(b).  The trial court timely made
those findings and fully complied with the family code and entered all required
findings except for a finding regarding the monthly net resources of the
obligee, Wilson.  Wilson contends that
the trial court=s failure to enter that specific
finding prevents her from challenging the judgment on appeal.  Wilson, however, did not lodge any objection
to the trial court=s failure to make this
particular finding.  Consequently, this
purported error was not preserved for our review.  See Tex.
R. App. P. 33.1(a); see also Tex.
R. Evid. 103(a)(1); Bushell v. Dean, 803 S.W.2d 711, 712 (Tex.
1991) (op. on reh=g).  We overrule Wilson=s fifth
issue regarding the allegedly incomplete statutory child support findings.  See In re Valadez, 980 S.W.2d 910, 914
(Tex. App.CCorpus Christi 1998, pet.
denied).

VII.  Motion to
Reform Judgment








In her
sixth and final issue, Wilson contends that the trial court erred by denying
her motion to reform the judgment. 
Specifically, Wilson contends that Herriage offered legally or factually
insufficient evidence to support the associate judge=s
temporary reduction in child support and that the amount of child support
arrearage should be increased in accordance with the initial child support
obligation ordered in the divorce decree. 
Basically, Wilson=s sixth issue raises the same
contentions as her second issue:  her
sixth issue claims that the trial court erred by denying her motion to reform
because the evidence was insufficient, and her second issue claims that the
evidence is legally and factually insufficient to support the judgment. We have
previously addressed the sufficiency of the evidence in connection with Wilson=s second
issue, and we held that legally and factually sufficient evidence existed to
support the trial court=s exercise of discretion in
reducing Herriage=s child support obligation. For
these same reasons, the trial court did not err by denying Wilson=s motion
to reform the judgment on the basis of insufficient evidence.  We overrule Wilson=s sixth
issue.

VIII. 
Conclusion

Because
the trial court did not abuse its discretion by permitting Herriage to testify,
because the trial court=s failure to make findings of
fact and conclusions of law was harmless, because there was legally and
factually sufficient evidence to warrant a modification in child support, and
because Wilson failed to preserve her complaints regarding the trial court=s
allegedly erroneous application of the child support guidelines and the trial
court=s
failure to enter complete child support findings, we overrule all of Wilson=s issues
and affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

 

DELIVERED: February 15, 2007











[1]See Tex. R. App. P. 47.4.





[2]Herriage has not filed an
appellee=s brief.





[3]Although the trial court
did not expressly overrule its prior sanctions order, the trial court
implicitly overruled the order by admitting Herriage=s testimony concerning
his current financial status over Wilson=s objections. 
See generally In re T.M., 33 S.W.3d 341, 345 (Tex. App.CAmarillo 2000, no pet.)
(recognizing implicit ruling by trial court in another context); Ocean
Transp., Inc. v. Greycas, Inc., 878 S.W.2d 256, 262 (Tex. App.CCorpus Christi 1994, writ
denied) (same).





[4]Although Wilson=s motion for sanctions
alleges that Herriage failed to answer requests for admissions as well as
requests for production, at trial Wilson=s attorney stated that Herriage Aanswered only the
admissions[] and did not produce anything.@ 





[5]Although Wilson=s counsel astutely
objected to the admission of Herriage=s testimony, claiming surprise and requesting a
continuance, the trial court made no ruling on the objection, and the failure
to grant a continuance is not one of the issues before us. 





[6]Although Wilson couches
her issue as whether the trial court abused its discretion by failing to
enforce its prior sanction order, this issue necessarily encompasses resolution
of whether the sanctions order itself constituted an abuse of discretion
because it would be an abuse of discretion to enforce a sanctions order that
should not have been entered.





[7]Wilson=s motion to reform
challenged (1) the amount of child support arrearage set forth in the judgment,
(2) the amount of wage withholding set forth in the judgment, and (3) the trial
court=s decision to admit
Herriage=s testimony despite the
prior death penalty discovery sanction order.  


 





[8]Specifically, Wilson
claims that she was harmed by the lack of findings of fact and conclusions of
law because she could not know whether

 

(a)     the trial court based child support on
[Herriage=s] income for nine weeks
because the court found he had no income for the remaining forty-three weeks of
the year; or

 

(b)    the trial court found it was Anot feasible@ to compute [Herriage=s] income on an annual
basis as provided by Tex. Fam. Code ' 154.061(a); or

 

(c)     the trial court found evidence of [Herriage=s] income for nine weeks
was adequate to support a finding of his net income without evidence of his
income for the other forty-three weeks; or

 

(d)    the trial court found modification was
warranted because [Herriage=s] evidence demonstrated a substantial change of
circumstances.





[9]Likewise, the only
evidence admitted by the trial courtCHerriage=s testimonyCwas relevant to this ground for child support
modification.  Herriage presented
testimony regarding his current circumstances and lower-paying job, including
the nine weeks= worth of reported
income.