**CHERNE INDUSTRIES, INC.,**
**Petitioner,**

v.

**Juan MAGALLANES, Guardian Ad Litem, Respondent.**

No. C–7534.

Supreme Court of Texas.

Jan. 25, 1989.

Rehearing Denied Feb. 15, 1989.

William E. Hooks, Jr., Clark & Gamble, San Antonio, for petitioner.

E. Dale Robertson, Robertson & Nunez, Charles E. Sweetman, Law Offices of Allison & Sweetman, Brownsville, William J. McCarthy, Adams & Graham, Harlingen, Paul Q. O'Leary, O'Leary, Dale & Malany, Brownsville, Robin W. Welch, Lewis, Pettitt & Skaggs, McAllen, for respondent.

## OPINION

PHILLIPS, Chief Justice.

This is a limited appeal from an award of guardian ad litem fees in connection with the settlement of a wrongful death action. The principal issue before this court is whether the petitioner, Cherne Industries, Inc., timely requested the trial court to make findings of fact and conclusions of law regarding the award. After holding that Cherne did not make a timely initial request to the trial court, the court of appeals, in an unpublished opinion, affirmed the award. We hold that Cherne's initial request was timely, and thus that the trial court failed in its mandatory duty to prepare and file findings of fact and conclusions of law. Because it does not affirmatively appear that this failure was harmless to Cherne, we reverse the judg-

ment of the court of appeals and remand to that court to direct the trial court to file findings and conclusions in compliance with Cherne's request.

The underlying suit was a consolidated action brought by several plaintiffs, one of whom was Delia A. Hernandez, individually and as next friend of her minor son, Jose Angel Hernandez, Jr., against various defendants, including Cherne Industries, Inc. On the eve of trial, the plaintiffs and most of the defendants, including Cherne, reached a settlement. The trial court appointed J.A. Magallanes, an attorney, as guardian ad litem to protect the interests of the minor child.

After severing out the non-settling parties, the trial court signed a final judgment on May 20, 1987, consistent with the terms of the settlement. By the judgment, the court awarded Magallanes a fee of $15,-000.00 for his services.

By an instrument dated May 27, 1987, Cherne's counsel requested the trial court pursuant to TEX.R.CIV.P. 296 [1] to prepare and file findings of fact and conclusions of law solely on the award of fees to the guardian ad litem. A signature line was included on the second page for the judge to make written acknowledgment of receipt of the request. The original of this instrument was addressed to the trial judge and mailed by certified mail, return receipt requested, while a copy was apparently sent by regular mail to the district clerk. The copy was filed on the morning of May 28, 1987, according to the file stamp of the district clerk. The green card accompanying the certified mail delivery was signed by a person purporting to be an agent of the trial judge and dated June 1, 1987; but the request itself was not filed until the next morning, according to the handwritten note accompanying the district clerk's file stamp. Not until June 11, 1987, more than one week later, did the trial judge execute the written acknowledgment of receipt. On June 22, 1987, pursuant to TEX.R.CIV.

1. Rule 296 provides as follows:
   In any case tried in the district or county court without a jury, the judge shall, at the request of either party, state in writing his findings of fact and conclusions of law. Such request shall be filed within ten days after the final judgment is signed. Notice of the filing of the request shall be served on the opposite party as provided in Rule 21a.

P. 297 [2], counsel for Cherne sent a letter to the judge reiterating the earlier request for findings and conclusions and calling the omission of the filing to the judge's attention. By letter to counsel on July 2, 1987, the trial court declined to make any findings and conclusions on two grounds: that such a procedure was not appropriate following a settlement, and that, in any event, the request "was not timely *filed* with this Court as required under Rule 296" (emphasis original).

In affirming the judgment of the trial court, the court of appeals held that the initial request for findings and conclusions must be both filed *and presented* to the trial judge within ten days after the signing of the final judgment under Rule 296. This requirement is not justified by the plain language of the rule, which requires only that the initial request "shall be filed within ten days after the final judgment is signed." [3] Nor is it justified by the additional case law requirement that both the initial and second requests be separately presented to the judge. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977). While separate presentment has long been required by our courts, Cherne correctly points out that no previous decision has expressly required that presentment, as well as filing, be accomplished within ten days.

Cherne thus urges this court to hold that the court of appeals erred in requiring both filing and presentment to be accomplished within ten days. This holding would be consistent with *Lassiter,* and it would not add yet another artificial burden for obtaining a meaningful appellate review of a non-jury trial. However, after careful examination of the development and purpose of Rule 296, we feel compelled to go further and overrule *Lassiter* and all other decisions after 1957 which have required separate presentment of the initial request for findings and conclusions. This judicially imposed hurdle is contrary to both the spirit and plain letter of Rule 296 as it has existed since that date, and the mere longevity of the error should not now preclude its correction.

The Legislature first provided for findings and conclusions by trial courts in 1879, by a statute which provided, in part:

> [U]pon a trial by the court, the judge shall, at the request of either of the parties, also state in writing the conclusions of fact found by him separately from the conclusions of law, which conclusions of fact and law shall be filed with the clerk and shall constitute a part of the record....

Act of April 19, 1879, ch. 111, § 1, 1879 *Tex.Gen.Laws* 119, 8 H. Gammel, *Laws of Texas* 1419 (1898). This statute continued in substantially the same form until 1939, when it was adopted as Rule 296 of the original Rules of Civil Procedure [4]. Under each of these provisions, the method and timing of the request was entirely unspecified. The request was not required to be in writing, *see Griner v. Trevino,* 207 S.W. 947, 950 (Tex.Civ.App.—San Antonio 1919, no writ), and the only statutory restrictions as to time were the deadlines for the court's filing of its findings and conclusions. Act of May 14, 1907, ch. 7, § 1, 1907 *Tex.Gen.Laws* 446, Tex.Rev.Civ.Stat. art. 2075 (1911) and Tex.Rev.Civ.Stat. art. 2247 (1925), *amended by* Act of April 25, 1931, ch. 76, § 1, 1931 *Tex.Gen.Laws* 118, 118–

---

2. Rule 297 provides as follows:

When demand is made therefor, the court shall prepare its findings of fact and conclusions of law and file same within thirty days after the judgment is signed. Such findings of fact and conclusions of law shall be filed with the clerk and shall be part of the record. If the trial judge shall fail so to file them, the party so demanding, shall, in order to complain of the failure, shall, in writing, within five days after such date, call the omission to the attention of the judge, whereupon the period for preparation and filing shall be automatically extended for five days after such notification.

3. Attempts to find such a requirement in the express language of the rule have not been convincing. *See, e.g., Parkview General Hospital, Inc. v. Ashmore,* 462 S.W.2d 360, 369–70 (Tex. Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.).

4. *See* former Tex.Rev.Civ.Stat. art. 1333 (1879) and (1895), Tex.Rev.Civ.Stat. art. 1989 (1911), and Tex.Rev.Civ.Stat. art. 2208 (1925), *repealed by* Act of May 15, 1939, ch. 25, § 1, 1939 *Tex. Gen.Laws* 201 (adopting the Texas Rules of Civil Procedure).

19, and *repealed by* Act of May 15, 1939, ch. 25, § 1, 1939 *Tex.Gen.Laws* 201, 201 (adopting the Texas Rules of Civil Procedure). *See now* Tex.R.Civ.P. 297.

Although time and form were of little importance, the courts did require a party who complained of a trial court's failure to file findings and conclusions to establish that the judge actually had an opportunity to pass upon the request. This court said in *Cotulla v. Goggan,* 77 Tex. 32, 35, 13 S.W. 742, 743 (1890):

> It is also complained that the court erred in failing to file its conclusions of law and fact upon the written request of appellant. The application is found in the record, but there is no bill of exceptions to the action of the court upon it. We are of opinion that this is a matter which must be brought before this court by an exception. It may frequently occur that a party who has filed his application for findings of law and fact may waive or withdraw it. Without a bill of exceptions, when the findings do not appear, we cannot know that this has not been done. We find no error in the judgment, and it is affirmed.

This requirement was frequently reiterated by the courts of our state. *See, e.g., Landa v. Heermann,* 85 Tex. 1, 3–4, 19 S.W. 885, 886 (1892); *Sewall v. Colby,* 163 S.W. 694, 696 (Tex.Civ.App.—El Paso 1914, writ dism'd w.o.j.); *Jacobs v. Nussbaum & Scharff,* 63 Tex.Civ.App. 520, 523–24, 133 S.W. 484, 485–86 (1911, no writ); *Kemp v. Everett,* 59 Tex.Civ.App. 399, 400, 126 S.W. 897, 897 (1910, no writ).

In 1931, the Legislature introduced the requirement of a second request in the event the court failed to timely file findings and conclusions. The second request was to be made in writing within five days after the deadline of thirty days before the time for filing the transcript, and it was to "call

the omission to the attention of the Judge." Act of April 25, 1931, ch. 76, § 1, 1931 *Tex.Gen.Laws* 118, 118–19, amending former Tex.Rev.Civ.Stat. art. 2247 (1925) (repealed 1939). The imposition of a required second request removed most of the justification for the court-made rule of *Cotulla v. Goggan,* since it both confirmed the party's continuing interest in securing findings and conclusions and generated a document that could be included in the record on appeal. Nevertheless, our courts continued to require a complaining party to establish by bill of exception that the initial request, as well as the second request, was specifically called to the trial judge's attention. *See, e.g., Spradlin v. Rosebud Feed & Grain Co.,* 294 S.W.2d 301, 302 (Tex.Civ.App.—Waco 1956, writ ref'd n.r.e.); *Birdwell v. Pacific Finance Corp.,* 259 S.W.2d 957, 958 (Tex.Civ.App.—Dallas 1953, no writ); *Ross v. Odom,* 88 S.W.2d 1053 (Tex.Civ.App.—Austin 1935, no writ); 3A Tex.Jur., *Appeal and Error* § 507 (1949). Although it would seem odd indeed for a litigant to prepare a second request for findings if it did not want the first request to be honored, no appellate decision questioned the need for proof of separate presentment of the initial request.

In 1957, the Supreme Court made a substantial change in nonjury practice by requiring both a form and a deadline for the *initial request* for findings and conclusions. The court inserted the phrase, "which request shall be filed within ten days from rendition of final judgment or overruling motion for new trial," [5] into Rule 296 for the purpose of "limiting time in which to request conclusions of fact and law." *See Civil Procedure Amendments,* 20 Tex.B.J. 187, 192 (1957) (official comment). From the plain language of this amendment, as well as the history of its

---

**5.** The 1957 version of Rule 296 read as follows: Upon a trial by the court, the judge shall, at the request of either party, which request shall be filed within ten days from rendition of final judgment or order overruling motion for new trial, state in writing the conclusions of fact found by him separately from the conclusions of law. Notice of the filing of the

request shall be served on the opposite party as provided in Rules 21a or 21b. Such findings of fact and conclusions of law shall be filed with the clerk and shall be a part of the record.
Rule 296 has since been twice amended, with the current form in effect since April 1, 1984.

promulgation,[6] it seems apparent that the requirement of separate presentment for the initial request was eliminated in 1957.

The scheme established by the plain language of the rules is a sensible one. The initial request should be simple, filed with the court like any other pleading. If the judge does not comply, whether intentionally, through neglect, or through no fault at all, the more rigorous procedure of Rule 297 will ensure that the court is in a timely fashion fully apprised of the request and the party's continuing interest in having it honored.

Perhaps because the issue was not raised for a number of years after 1957, however, no appellate decision ever recognized that the amendment to Rule 296 effected any change in the separate presentment requirement. In *Lassiter v. Bliss*, for example, this court stated:

> The request for findings of fact and conclusions of law, as well as the subsequent complaint for failure to file under Rule 297, must be presented to the judge. Merely filing the request and complaint with the clerk is insufficient.

559 S.W.2d at 358 (citations omitted). *See also Deweese v. Crawford*, 520 S.W.2d 522, 527 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.); *Parkview General Hosp., Inc. v. Ashmore*, 462 S.W.2d 360, 369–70 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.).

We believe these decisions are wrong and we overrule them today. In a time when the cost and delay of litigation threaten the right of meaningful access to the courts for many of our citizens, we cannot condone an erroneous interpretation of our rules, however embedded in our practice, which discourages litigants from availing themselves of a cheaper and quicker means of judicial resolution. *See generally* Cogburn, *Problems in Obtaining Appellate Review in Non–Jury Trials in Texas*, 11 So.Tex.L.J. 46 (1969).

We hold that Cherne made a proper initial request under Rule 296 by filing a copy of its request with the district clerk within ten days after final judgment was signed. We need not decide whether Cherne's second request was proper under Tex.R.Civ.P. 297. The court of appeals is silent on this point. Although reply points of Magallanes in both this court and in the court of appeals summarily state that Cherne did not timely file its request under Rule 297, he has not briefed the issue in either court. Magallanes thus raises no challenge to the assertion in Cherne's brief that the June 22, 1987 letter to the trial court satisfied Rule 297. *See* Tex.R.App.P. 74(f) and 131(f).

Finally, we must determine if the trial court's error in failing to file findings and conclusions was harmful. Tex.R.App.P. 184(b). Because the trial court's duty to file findings and conclusions is mandatory, the failure to respond when all requests have been properly made is presumed harmful, unless "the record before appellate court affirmatively shows that the complaining party has suffered no injury." *Wagner v. Riske*, 142 Tex. 337, 343, 178 S.W.2d 117, 120 (1944).

In this case, we cannot say that the record affirmatively discloses no injury. At the hearing to approve the settlement, Magallanes testified that he normally charged $60 an hour for research time, $75 an hour for out of court time, and $90 an hour for court time, and that those charges were reasonable and customary, or "a little under," for an attorney of his experience in Cameron County. He also testified that, as of the time of the hearing, he had spent twelve to fifteen hours on the matter. We recognize that the duties of a guardian ad litem extend beyond the time a settlement

---

6. A summary prepared for a May 19, 1956 meeting of the Supreme Court Advisory Committee on the Rules of Civil Procedure credits the suggestion for a time limit to W.B. Jack Ball, a member of the San Antonio bar. *See* Letter from Ball to Chief Justice J.E. Hickman (November 30, 1955). At the same time, however, the court had before it, a separate proposal from three district judges expressly requiring both filing and separate presentment of the initial request within specified time limits. The court chose to incorporate filing, but not presentment, in its amended rule. *See* Files of the Supreme Court Records on the Texas Rules of Civil Procedure, 1955–57.

is approved, and that hours expended and normal hourly rates are only two of several factors to be considered in awarding fees to an attorney. We also recognize that the determination of guardian ad· litem fees rests within the sound discretion of the trial court. Nevertheless, we cannot say that the award of $15,000.00 to the guardian ad litem in this case was so clearly supported by the undisputed evidence that the trial judge could not, as a matter of law, have abused his discretion in making that award.

Because the trial judge continues to serve on the district court, we believe the error in this case is remediable. We therefore reverse the judgment of the court of appeals and remand to that court, with instructions for it to direct the trial court to correct its error pursuant to Tex.R.App.P. 81(a).