DAVIS V. TABOR 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-014-CV





RONALD K. DAVIS,



 
 APPELLANT


vs.





BILL TABOR D/B/A TABORTOWNE STORE,



 APPELLEE



 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT



NO. 19,211, HONORABLE HAROLD R. TOWSLEE, JUDGE 



 




 Ronald K. Davis, appellant, sued Bill Tabor d/b/a Tabortowne Store, appellee,
alleging violations of the Deceptive Trade Practices Act (DTPA), Tex. Bus. & Com. Code Ann.
§§ 17.41-.63 (1987 & Supp. 1992). Following a non-jury trial, the trial court rendered a take-nothing judgment in favor of Tabor. Davis perfected this appeal. Due to the trial court's failure
to file findings of fact and conclusions of law, this Court abated the appeal and ordered the trial
court to file such findings and conclusions. Although the deadline we imposed for filing such
findings and conclusions has passed, none have been filed. Accordingly, we will reverse the trial
court's judgment and remand the cause for a new trial.


BACKGROUND


 The incident that led to this lawsuit occurred on May 31, 1988, when Davis
pumped diesel fuel instead of gasoline into his van at Tabor's convenience store, allegedly causing
damage to the van's gasoline-powered engine. Davis testified that certain acts and omissions on
the part of Tabor and his employee resulted in Davis's mistakenly pumping diesel fuel into his
van. According to Davis, there were no labels on the fuel pumps at the store; therefore, he had
no way of knowing that he was using a diesel pump instead of a regular gasoline pump. Further,
Davis testified that before he pumped the diesel fuel into his van, the attendant at the store at least
implicitly told him that the pump he used was a gasoline pump when in fact it was a diesel pump. 
Tabor, on the other hand, presented evidence that the pumps were labeled and that Davis had
already pumped the diesel fuel into his van before he ever talked to the attendant at the store.


DISCUSSION


 In his second point of error, Davis complains of the trial court's failure to file
written findings of fact and conclusions of law. In accordance with Tex. R. Civ. P. 296, Davis
timely requested the trial court to make written findings of fact and conclusions of law. After the
trial court failed to comply within the time allowed, Davis duly filed a "notice of past due findings
of fact and conclusions of law" with the clerk of the court pursuant to Rule 297 of the Rules of
Civil Procedure. It then became the duty of the clerk to call the notice to the attention of the
court. Tex. R. Civ. P. 297. Nonetheless, the trial court failed to file any findings or conclusions.

 A trial court's duty to file findings and conclusions is mandatory; therefore, "the
failure to respond when all requests have been properly made is presumed harmful, unless `the
record before [the] appellate court affirmatively shows that the complaining party has suffered no
injury.'" Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989) (quoting Wagner
v. Riske, 178 S.W.2d 117, 120 (Tex. 1944)). After examining the record, we are unable to
conclude that the trial court's failure to file findings and conclusions was not harmful to Davis. 
It is unclear on precisely what basis the trial court rendered its take-nothing judgment against
Davis; therefore, we are unable to properly address Davis's sufficiency-of-the-evidence points.

 On January 8, 1992, pursuant to Tex. R. App. P. 81(a), we entered an order
abating the appeal and directing the trial court to make and file appropriate findings of fact and
conclusions of law within thirty days of the date of the order. See Cherne Indus., 763 S.W.2d
at 773. Requests for additional or amended findings or conclusions, and any such findings or
conclusions made by the trial court, were to be filed in accordance with Tex. R. Civ. P. 298. The
order directed the district clerk to prepare a supplemental transcript containing such findings,
conclusions, and requests, and deliver it to the Clerk of this Court for filing no later than the
sixtieth day after the issuance of the order. To date, however, the district clerk has not filed a
supplemental transcript with this Court containing findings and conclusions.


CONCLUSION


 As stated above, the trial court's failure to file findings of fact and conclusions of
law is presumed harmful unless the record shows that the appellant has suffered no injury; in the
present case, it does not. Therefore, we sustain Davis's second point of error; we do not address
his other points of error. Pursuant to Tex. R. App. P. 81(b)(1), (c), we reverse the trial court's
judgment and remand the cause for a new trial.



 

 J. Woodfin Jones, Justice

[Before Justices Powers, Jones and B. A. Smith]

Reversed and Remanded

Filed: April 29, 1992

[Do Not Publish]