MARRIAGE OF MORRIS

NO. 07-99-0518-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 11, 2000

______________________________

IN THE MATTER OF THE MARRIAGE OF JULIE GAYLE MORRIS

 and JERRY DEAN MORRIS, and IN THE INTEREST OF 

CASSANDRA GAYLE MORRIS, a CHILD,

 _________________________________

FROM THE 222
ND
 DISTRICT COURT OF DEAF SMITH COUNTY;

NO. DR-99A-011; HON. DAVID WESLEY GULLEY, PRESIDING

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Jerry Dean Morris (Jerry) appeals from a final divorce decree that orders him to pay spousal support to Julie Gayle Morris (Julie).  On appeal, Jerry asserts two issues.  At this time, we address only the second issue involving the matter of whether or not the trial court erred in failing to draft and file findings of fact and conclusions of law.  We abate and remand.

The record reveals that Jerry timely 1) requested findings of fact and conclusions of law pursuant to Texas Rule of Civil Procedure 296, and 2) notified the court of its failure to file same within the period established by Rule 297.  Despite the request and notification by Jerry, findings and conclusions were not entered by the trial court.  Because the trial court’s duty to file same is mandatory, its failure to comply is presumed harmful unless the record affirmatively illustrates that the complainant suffered no injury.  
Cherne Industries, Inc. v. Magallanes
, 763 S.W.2d 768, 772 (Tex. 1989).  Here, the record fails to affirmatively show that Jerry suffered no injury, for the evidence upon which the court could have based its judgment is disputed.  
See id.
 at 772-73 (concluding that harm was not negated since the evidence supporting the court’s determination was mixed). 

Accordingly, we abate and remand the cause to the 222nd Judicial District Court and order the judge of said court to enter findings of fact and conclusions of law in conformance with the Texas Rules of Civil Procedure and in support of its judgment entered in this cause.  We further order the district court to cause the findings of fact and conclusions of law to be incorporated into a supplemental transcript and filed with the clerk of this court on or before January 10, 2001.  Once the supplemental transcript is filed, Jerry may file a supplemental brief on or before January 24, 2001.  Julie may also file a supplemental brief on or before February 7, 2001, regardless of whether or not Jerry supplements his brief.     

                                                

Per Curiam 

 

Do not publish.