NO. 07-01-0191-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 2, 2002

______________________________

STEVE W. STERQUELL, APPELLANT

V.

NEAL B. SCOTT, INDIVIDUALLY; NEAL B. SCOTT,

TRUSTEE OF THE ANDREA LYNN SCOTT TRUST; AND, 

NUSARA KAENTONG, APPELLEES

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 83,731-C; HONORABLE PATRICK PIRTLE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Steve W. Sterquell appeals from a take-nothing judgment following a bench trial.  We abate the appeal and remand with directions to the trial court to file findings of fact and conclusions of law.  

This appeal arises from a suit by Sterquell seeking to establish that interests in various tracts of Potter County real estate purportedly transferred by appellee Neal B. Scott, individually, were subject to a lien created by an abstract of a judgment in favor of Sterquell.  The abstract of judgment was filed in January, 1991, in Potter County.  The deeds by Scott were of varying dates: one was before the date the abstract of judgment was filed; several were after.

The case was tried to the court sitting without a jury.  On February 21, 2001, the trial court signed a take-nothing judgment.  On March 5, 2001, Sterquell filed a Request for Findings of Fact and Conclusions of Law.  No findings and conclusions were filed.  On April 3, 2001, Sterquell filed a Notice of Past Due Findings of Fact and Conclusions of Law.  No findings and conclusions were filed.  

On appeal, Sterquell urges, in part, that the trial court erred in failing to file findings and conclusions.  Appellees Neal B. Scott, Individually; Neal B. Scott, Trustee of the Andrea Lynn Scott Trust; and Nusara Kaentong (collectively, “Scott”), urge that Sterquell’s request for findings and notice of past due findings are nullities because the certificates of service on his requests certified that service was made via regular mail, and that such manner of service does not comply with 
Tex. R. Civ. P.
 21a.
(footnote: 1)  Scott also urges that the failure of the trial court to file findings and conclusions, if error, was harmless error.  We will address Scott’s contentions in the order presented.

First, we disagree that Sterquell’s requests were nullities.  Sterquell’s failure to serve Scott in accordance with TRCP 21a, if Sterquell did not comply with the rule, does not render Sterquell’s filings nullities.  The failure is a matter for the trial court to address in accordance with TRCP 21b.  

Next, Scott urges that Sterquell has not been harmed by the absence of findings and conclusions because the evidence is uncontroverted that the three trusts involved were created for legitimate purposes and not as sham transactions.  Even assuming, 
arguendo
, the correctness of Scott’s assertion, a question on which we offer no opinion, Scott does not address the issues of whether a lien in favor of Sterquell was established on any or all of the interests transferred by Scott, and if so, what priority the lien had.  Such questions, among others, were part of Sterquell’s claims in the trial court.  And, unless the appellate record affirmatively shows no harm to Sterquell, the failure of the trial court to file properly-requested findings and conclusions on contested issues is presumed harmful.  
See
 
Cherne Indus., Inc. v. Magallanes
, 763 S.W.2d 768, 772 (Tex. 1989).  We conclude that the record does not affirmatively show that Sterquell has not been harmed by the absence of findings and conclusions and the trial court’s error is not harmless.  
See
 TRCP 298, 299; 
Magallanes
, 763 S.W.2d at 772. 

We abate the appeal and remand the cause to the trial court.  On remand, the trial court is directed to file findings of fact and conclusions of law on or before July 31, 2002, which date shall be deemed to be the 20
th
 day after a timely request for findings and conclusions for purposes of TRCP 297, 298 and 299a, which rules shall apply to further proceedings in the trial court pursuant to this order.  The trial court is further directed to cause the trial court clerk to prepare and file a supplemental appellate record which  includes the trial court’s findings of fact and conclusions of law. 

Appellant and appellees are directed to re-brief the appeal.  The provisions of 
Tex. R. App. P
. 38
(footnote: 2) shall apply to such re-briefing.  The provisions of TRAP 39 will apply to requests for oral argument.  

Except as specifically set out otherwise in this opinion, provisions of the TRCP and TRAP apply to further proceedings.   

Per Curiam 

Do not publish.

      

FOOTNOTES
1:
Further reference to the rules of civil procedure will be by reference to “TRCP.”

2:
Further reference to the rules of appellate procedure will be by reference to “TRAP.”