NO. 07-03-0078-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 6, 2003

_____

IN THE MATTER OF THE MARRIAGE OF
ARACELIA RODRIQUEZ AND DAVID GONZALES MARTINEZ
AND IN THE INTEREST OF A.M.M. AND A.A.M., CHILDREN

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 15834; HONORABLE FELIX KLEIN, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant David Gonzalez Martinez appeals from a judgment of divorce which awards child support to appellee Aracelia Rodriquez and changes the last names of their two children.  We abate the appeal and remand with directions to the trial court to file findings of fact and conclusions of law.

Aracelia filed suit for divorce from David on August 5, 2002.  She sought orders for conservatorship and support of the two children of the marriage if an agreement was not

reached as to such matters. She also sought to have the last names of the children changed from Martinez to Rodriquez.

On October 28, 2002, a bench trial was held and a Final Decree of Divorce was signed. On November 12, 2002, the clerk filed David's Request for Findings of Fact and Conclusions of Law. On December 20, 2002, the clerk filed David's Notice of Past Due Findings of Fact and Conclusions of Law. The Notice and certificate of service signed by David, who was then and is now appearing *pro se*, claimed that the document was placed in the internal mail system of the Texas Department of Criminal Justice, where he was incarcerated, on December 11, 2002. See TEX. R. CIV. P. 5.[1] No findings and conclusions appear of record.

David's appellate brief was filed on March 17, 2003. He references the trial court's failure to file findings of fact and conclusions of law; one of his issues asserts error by the trial court in failing to do so. Aracelia has not filed a brief.

Unless the appellate record affirmatively shows no harm to David, the failure of the trial court to file properly-requested findings and conclusions on contested issues is presumed harmful. See Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989). We conclude that the record does not affirmatively show that David has not been harmed by the absence of findings and conclusions and the trial court's error is not harmless. See TRCP 298, 299; Magallanes, 763 S.W.2d at 772.

---

[1]Further references to a Rule of Civil Procedure will be by reference to "TRCP ____."

We abate the appeal and remand the cause to the trial court. On remand, the trial court is directed to file findings of fact and conclusions of law. Absent a request for extension of time by the trial court, the findings of fact and conclusions of law are to be filed on or before July 18, 2003, which date shall be deemed to be the twentieth day after a timely request for findings and conclusions for purposes of TRCP 297, 298 and 299a, which rules shall apply to further proceedings in the trial court pursuant to this order. The trial court is further directed to cause the trial court clerk to prepare and file with the appellate clerk a supplemental appellate record which includes the trial court's findings of fact and conclusions of law.

Appellant and appellee are directed to re-brief the appeal. The provisions of TEX. R. APP. P. 38 shall apply to such re-briefing.

Except as specifically set out otherwise in this opinion, provisions of the TRCP and TRAP apply to further proceedings.

Per Curiam