NO. 07-11-0139-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 AUGUST 5, 2011

 ______________________________

 HARVEY BRAMLETT, JR. AND 
 JASON BLAKENEY, APPELLANTS

 V.

 TEXAS DEPARTMENT OF CRIMINAL JUSTICE
 INSTITUTIONAL DIVISION, ET AL., APPELLEES

 _________________________________

 FROM THE 108[TH] DISTRICT COURT OF POTTER COUNTY;

 NO. 99,017-00-E; HONORABLE DOUGLAS WOODBURN, JUDGE

 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 ABATEMENT AND REMAND
 Appellants, Harvey Bramlett, Jr. and Jason Blakeney, inmates proceeding pro se and in forma pauperis, appeal the trial court's judgment dismissing their suit against Appellee, the Texas Department of Criminal Justice Institutional Division, et al., as frivolous and for failure to comply with chapter 14 of the Texas Civil and Practice Remedies Code. The appellate record has been filed. On July 25, 2011, Appellants filed a motion for extension of time in which to file their brief on the ground that, despite their requests, the trial court has failed to file Findings of Fact and Conclusions of Law. An extension has been granted to October 24, 2011. In the interest of judicial economy, we abate this appeal and remand the cause to the trial court with instructions to make and file Findings of Fact and Conclusions of Law.
 Rule 296 of the Texas Rules of Civil Procedure provides that in any case tried in the district court without a jury, any party may request written findings of fact and conclusions of law within twenty days after the judgment is signed. The judgment in the underlying case was signed on March 14, 2011. Nine days later, on March 23, 2011, Appellants filed a "Request for Findings of Fact and Conclusions of Law." Rule 297 provides that the trial court shall file its findings and conclusions within twenty days after a timely request is filed. The trial court's findings and conclusions were due on April 12, 2011. None were filed. Thereafter, Appellants, pursuant to Rule 297, filed a "Notice of Past Due Findings of Fact and Conclusions of Law." The deadline for the trial court to file its findings and conclusions was extended to forty days from the date the original request was due, i.e., May 2, 2011. The Clerk's Record, filed July 12, 2011, does not contain any findings or conclusions.
 Upon compliance by a party with Rules 296 and 297, the trial court is required to make and file findings of fact and conclusions of law. See Cherne Industries, Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989). The failure of a trial court to respond to all timely requests is presumed harmful unless the record shows that an appellant has suffered no injury. Id. As a general rule, an appellant has been harmed if he has to guess at the reason the trial court ruled against him. See Larry F. Smith, Inc. v. The Weber Co., 110 S.W.3d 611, 614 (Tex.App.--Dallas 2003, pet. denied).
We now abate this appeal and remand the cause to the trial court with instructions to make and file findings of fact and conclusions of law in support of its judgment. The trial court is directed to cause its findings and conclusions to be included in a supplemental clerk's record to be filed with the Clerk of this Court no later than September 23, 2011. Appellants' brief is due no later than October 24, 2011.
It is so ordered.
 Per Curiam