COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:       Roni Singer, Formerly Known as Roni S. Williams v. Robert L. Singer

Appellate case number:    01-14-00226-CV

Trial court case number:   2012-71242

Trial court:                247th Judicial District Court of Harris County

Appellant filed a "Motion to Abate Appeal and Order Trial Court to Sign Findings of Fact and Conclusions of Law." In her motion, appellant contends that although the trial court has signed a Final Decree of Divorce on December 21, 2013 and appellant has filed her request for findings of fact and conclusions of law on January 9, 2014 and notice of past due findings of fact and conclusions of law on January 28, 2014, the trial court has yet to issue findings of fact and conclusions of law.

The trial court must issue findings of fact and conclusions of law where the trial court, as here, has rendered a judgment dividing the estate of the parties. *See Panchal v. Panchal*, 132 S.W.3d 465, 466 (Tex. App.—Eastland 2003, order) (per curiam) (citing TEX. FAM. CODE ANN. § 6.711 (Vernon Supp. 2003)). Appellant twice timely requested findings of fact and conclusions of law, but the trial court failed to file them within twenty days of the requests. *See* TEX. R. CIV. P. 296, 297.

"Unless the appellate record affirmatively shows no harm to [appellant], the failure of the trial court to file properly-requested findings and conclusions on contested issues is presumed harmful." *In re Marriage of Rodriguez*, No. 07-03-0078-CV, 2003 WL 21309275, at *1 (Tex. App.—Amarillo June 6, 2003, no pet.) (citing *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989)). We conclude that the record does not affirmatively show that appellant has not been harmed by the absence of findings of fact and conclusions of law and thus, the trial court's error is not harmless. *See* TEX. R. CIV. P. 296, 297; *Rodriguez*, 2003 WL 21309275, at *1; *see also Magallanes*, 763 S.W.2d at 772.

Accordingly, we abate this case and remand the cause to the trial court for further proceedings. On remand, we order the trial court to enter written findings of fact and conclusions of law on all issues decided by the trial court. The trial court is further directed to cause the trial court clerk to prepare and file with the appellate clerk a supplemental clerk's record which includes the trial court's findings of fact and conclusions of law, separate and apart from docket sheet notation. The supplemental clerk's record shall be filed in this Court no later than 25 days from the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order is filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
               ☒ Acting individually    ☐ Acting for the Court

Date: July 31, 2014