COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Maribel Ambriz Martinez, Guadalupe Mota, Rosa Nelly Trevino
                            v. Alfredo Gonzalez

Appellate case number:   01-14-00552-CV

Trial court case number:   12-11-27997-MCVAJA

Trial court:                365th District Court of Maverick County

On April 15, 2014, the trial court issued an order granting appellee's motion to dismiss for want of jurisdiction. On May 5, 2014, appellants timely filed their request for findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296 (a request for findings of fact and conclusions of law "shall be filed within twenty days after judgment is signed with the clerk of the court."). The trial court's findings of fact and conclusions of law were due on or before May 25, 2014. *See* TEX. R. CIV. P. 297 ("The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed."). On June 3, 2014, after the trial court failed to timely file its findings of fact and conclusions of law, appellants filed their Notice of Past Due Findings of Fact and Conclusions of Law. *See* TEX. R. CIV. P. 297 (requiring notice of past due findings and conclusions be filed "within thirty days after filing the original request").

Appellants filed their notice of appeal on May 19, 2014. The reporter's record was filed on June 13, 2014 and the clerk's record was filed on July 14, 2014. The clerk's record does not contain the trial court's findings of fact and conclusions of law.

On August 1, 2014, appellants filed their "Unopposed Motion to Abate Appeal to Permit Supplementation of Clerk's Record" requesting that we abate the appeal until the trial court files a supplemental clerk's record containing its findings of fact and conclusions of law. "Because the trial court's duty to file findings and conclusions is mandatory, the failure to respond when all requests have been properly made is presumed harmful, unless the record before appellate court affirmatively shows that the complaining party has suffered no injury." *Holmes v. Williams*, 355 S.W.3d 215, 22 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989)). We conclude that appellants' request has been properly made and the record does not affirmatively show that appellants have not been harmed by the absence of the requested findings of fact and conclusions of law. Because the error in this case is not harmless, the proper remedy is to abate this appeal and

remand to the trial court to make the requested findings of fact and conclusions of law. *See id*. Accordingly, the motion is **granted**.

We abate this case and remand the cause to the trial court for further proceedings. On remand, we order the trial court to enter written findings of fact and conclusions of law regarding its April 15, 2014 order granting appellee's motion to dismiss. The trial court shall cause its findings of fact and conclusions of law to be filed with the trial court clerk within **20 days** of the date of this order. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court within **30 days** of the date of this order.

Appellant's brief shall be due **30 days** after the supplemental clerk's record containing the trial court's findings of fact and conclusions of law is filed in this Court.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ Michael Massengale

☒ Acting individually ☐ Acting for the Court

Date: August 12, 2014