

NUMBER 13-14-00464-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR AMERIQUEST MORTGAGE
SECURITIES, INC., ASSET-BACKED
PASS-THROUGH CERTIFICATES, SERIES 2004-R8,          Appellant,

v.

CONSUELO JONES, EDWIN JONES,
GABRIELA JONES, AND ALL OCCUPANTS
OF 2028 E. 28TH STREET, MISSION, TX 78574,          Appellees.

**On Appellant's Motion for an Order Compelling
the Trial Court to Submit Findings of Fact
and Conclusions of Law.**

# ORDER OF ABATEMENT

**Before Chief Justice Valdez and Justices Garza and Longoria
Order Per Curiam**

Appellant, Deutsche Bank National Trust Company, as Trustee for Ameriquest

Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-R8, perfected an appeal from a judgment rendered by County Court at Law Number 8 of Hidalgo County, Texas, in favor of appellees Consuelo Jones, Edwin Jones, Gabriela Jones, and All Occupants of 2028 E. 28th Street, Mission, TX 78574. Appellant has filed with this Court a "Motion for an Order Compelling the Trial Court to Submit Findings of Fact and Conclusions of Law."

After a bench trial, a trial court must file written findings of fact and conclusions of law when timely requested by a party. *See* TEX. R. CIV. P. 296, 297; *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). The trial court's failure to respond to a timely request is error and is presumed harmful unless the record affirmatively shows that the complaining party has suffered no harm. *Cherne Indus.*, 763 S.W.2d at 772. An appellant is harmed if there are two or more possible grounds on which the court could have ruled and the appellant is left to guess the basis of the trial court's ruling. *See Liberty Mutual Fire Ins. v. Laca*, 243 S.W.3d 791, 794 (Tex. App.—El Paso 2007, no pet.). Generally, the proper remedy in that situation is to abate the appeal and direct the trial court to correct its error. *See Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no pet.); *see also Corpus Christi Hous. Auth. v. Esquivel*, No. 13-10-00145-CV, 2011 WL 2395461, at *1 (Tex. App.—Corpus Christi June 9, 2011, no pet.) (mem. op.).

The record before this Court shows that trial was to the bench; that appellant filed a timely request for findings and conclusions and a timely notice of past due findings and conclusions; and that the trial court failed to file findings and conclusions. Moreover, the record does not affirmatively show that appellant has suffered no harm. *See Cherne*

2

*Indus.*, 763 S.W.2d at 772.  Therefore, appellant's motion is meritorious and should be granted.

Accordingly, we hereby GRANT the motion, ABATE the appeal and REMAND the cause to the trial court for entry of findings of fact and conclusions of law pursuant to Texas Rule of Civil Procedure 296.  The trial court shall make its findings and conclusions, as ordered herein, within THIRTY days from the date of this order.  Furthermore, the trial court shall cause a supplemental clerk's record containing the findings and conclusions to be filed with the Clerk of this Court within SIXTY days from the date of this order.  The appeal will be reinstated upon receipt of the supplemental clerk's record and upon further order of this Court.

PER CURIAM

Order delivered and filed the
25th day of September, 2014.