ACCEPTED
03-15-00324-CV
8023218
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 10:46:57 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00324-CV

JEAN-MICHEL GUERIN,
Appellant,

V.

TINA GUERIN,
Appellee

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 10:46:57 PM
JEFFREY D. KYLE
Clerk

### APPELLANT'S MOTION TO ABATE

Appellant, Jean-Michel Guerin, asks the Court to abate these proceedings until such time as the Trial Court files its Additional Findings of Fact and Conclusions of Law as requested by the Appellant. The Appellant also asks this Court to order the Trial Court to file its Additional Findings of Fact and Conclusions of Law as required by Texas Rules of Civil Procedure and the guiding rules or principles established by Texas Jurisprudence.

### INTRODUCTION

1. Plaintiff, Jean-Michel Guerin, filed for divorce on April 15, 2013 in the 426th District Court, Bell County, Texas (CR: 9-13).

2. The Trial Court held a bench trial in the matter and issued a final decree of divorce on February 28, 2015 (CR: 570-578).

3. On March 6, 2015, the Appellant filed a Request for Findings of Fact and Conclusions of Law (CR: 588-589).

4. On March 19, 2015, the Appellant filed an Amended Request for Findings of Fact and Conclusions of Law (CR: 594-596).

5. On April 15, 2015, the Appellant filed a Notice of Past-Due Findings of Fact and Conclusions of Law (CR: 625).

6. On May 28, 2015, the Appellant filed a Notice of Appeal (CR: 635).

7. On July 15, 2015, the Trial Court filed its Findings of Fact and Conclusions of Law (CR: 646-653).

8. On July 26, 2015, the Appellant filed a Request for additional Findings of Fact and Conclusions of Law (enclosed as Exhibit A).

## Background

9. The Appellant asked for a disproportionate division of property due to Appellee's cruelty, fraud on the community, and breach of fiduciary duty (CR: 489-493).

10. The Appellant had a standing pleading for enforcement due to Appellee's violation of temporary orders including contacting Appellant's command and abusing the discovery process (CR: 462).

11. The Appellant had a standing pleading for sanctions due to Appellee's spoliation and tortious interference of an existing business contract (CR: 487).

12. The Appellant asked for exemplary damages of $200,000 (CR: 648, para 23).

13. Trial Court's conclusion of law # 3 states "Petitioner is entitled to a disproportionate division of the property as a result of Respondent's conduct" (CR: 652).

14. The Trial Court's Memorandum of Decisions states "All other relief requested but not granted is denied (CR: 540).

    a. Appellant cannot properly exercise his right to appeal the Trial Court's rulings because he is forced to guess which of his pleadings were denied.

    b. Appellant cannot properly exercise his right to appeal the Trial Court's rulings because he is forced to guess why his pleadings were denied.

## ARGUMENT & AUTHORITIES

15. When properly requested, the trial court has a mandatory duty to file findings of fact. See Tex. R. Civ. P. 296, 297; *Nevada Gold & Silver, Inc. v. Andrews Sch. Dist.*, 225 S.W.3d 68, 77 (Tex. App.—El Paso, 2005, no pet).

16. If the trial court fails to file findings of fact and conclusions of law after a proper request, the failure is presumed harmful unless the record affirmatively shows the complaining party suffered no injury. See *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989).

## CONCLUSION

17. In a case such as this one, where there are multiple grounds upon which the Trial Court could have based its decision, the preferable remedy is for this Court to abate the appeal to allow the missing findings to be entered. See *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d at 773 (Tex. 1989); *Brooks v. Housing Auth. of City of El Paso*, 926 S.W.2d 316, 321 (Tex.App.—El Paso, 1996, no writ).

## PRAYER FOR RELIEF

18. For the reasons stated, Appellant asks this Court to abate this appeal and direct the Trial Court to enter its additional findings of fact and conclusions of law.

Respectfully submitted,
*/S/ Jean-Michel Guerin*
JEAN-MICHEL GUERIN, Appellant
P.O. Box # 340437
Fort Sam Houston, Texas 78234
Tel: (803) 673-2401
Fax: (210) 549-2071
E-mail: jm.t.guerin@gmail.com

## CERTIFICATE OF CONFERENCE

I certify that I have attempted to conferred with Tina Leone's (formerly known as Tina Guerin) attorney of record, Nathan L. Kennedy, Bar No. 24049190, by phone and email on November 30, 2015, who opposes this motion.

*/s/ Jean-Michel Guerin*
**JEAN-MICHEL GUERIN**
Appellant, Pro Se

## CERTIFICATION

I certify that I have reviewed the petition and have concluded that every factual statement made in the petition is supported by competent evidence included in the appendix or the record.

*/s/ Jean-Michel Guerin*
JEAN-MICHEL GUERIN, Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent on November 30, 2015 to the person(s) named below by electronic service, email, facsimile, or at the address shown by priority mail with delivery confirmation.

Counsel for Appellee:
Nathan L. Kennedy; State Bar No. 24049190; 1607 Nueces Street, Austin, Texas 78701; Telephone: (512) 469-0092; Fax: (512) 469-9102; nkennedy@nathankennedylaw.com.

*/s/ Jean-Michel Guerin*
JEAN-MICHEL GUERIN, Appellant

**No. 03-15-00324-CV**

JEAN-MICHEL GUERIN,
Appellant,

V.

TINA GUERIN,
Appellee

**APPELLANT'S MOTION TO ABATE**

# EXHIBIT A

## NO. 263,324-E

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| JEAN-MICHEL GUERIN | § | 426TH JUDICIAL DISTRICT |
| AND | § | |
| TINA GUERIN | § | BELL COUNTY, TEXAS |

## REQUEST FOR ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

NOW Comes JEAN-MICHEL GUERIN, and, pursuant to Texas Rule of Civil Procedure 298 files this, his Request for Additional Findings of Fact and Conclusions of Law and in support of the same respectfully shows the Court as follows:

1. Petitioner did timely file:

    a. A request for findings of fact and conclusions of law on March 17, 2015.

    b. An amended request for findings of fact and conclusions of law on March 19, 2015.

    c. A motion for past due findings of fact and conclusions of law on April 15, 2015.

2. The Court's response to Petitioner's timely requests for findings and conclusions was:

    a. Signed on July 14, 2015, or 119 days after Petitioner's original request.

    b. Filed on July 15, 2015, or 120 days after Petitioner's original request.

    c. Posted on the District Court's website on July 20, 2015, or 125 days after Petitioner's original request.

    d. Not communicated to the petitioner in accordance with Texas Rule of Civil Procedure 297 as of the date of this motion.

3. The following was either not addressed or not properly addressed in the Court's findings of fact and conclusions of law but were material issues which were disputed during the trial and may not have been requested previously so presumably will not be addressed in the Court's findings.

4. The Facts of Findings for the element of the Court's temporary orders it found the Petitioner in contempt of (Conclusion of Law #5 of Court's original facts of findings and conclusions of law).

a. In the event that the element of the Court's temporary orders, for which it found the Petitioner in contempt, was based upon the contractual temporary spousal support introduced in the Parties' Rule 11 agreement dated April 26, 2013, and incorporated into its temporary orders on June 4, 2014, the following:

i. The facts the court considered in establishing the Respondent's minimum reasonable needs.

ii. The facts the court considered in establishing the Respondent's ability to provide for her minimum reasonable needs.

iii. The facts the court used in establishing the Respondent was a financially dependent spouse.

iv. The facts the court used in establishing the purpose of attorney's fees awarded to the respondent.

b. In the event that the element of the Court's temporary orders, for which it found the Petitioner in contempt, was based upon the Suits Affecting the Parent-Child Relationship (SAPCR) portion of the Texas Code, the following:

i. The facts the Court used in establishing the existence of one or more children in the marriage that required the provision of financial support.

ii. The facts the Court used in establishing the requirement for either party to provide for the safety and welfare of one or more children.

iii. The facts the Court used in establishing the temporary spousal support paid by the Petitioner to the Respondent was necessary and equitable.

iv. The facts the Court used in establishing the purpose of attorney's fees awarded to the Respondent.

5. The Findings of Fact and Conclusion of Law surrounding the Rule 11 agreement, stated in open court and entered on the record, between the Parties. That the Respondent would not file an enforcement action against the Petitioner for non-payment of temporary spousal support (Ms. Barbara Schwartz Young questioning the respondent on 31July14 stated: "you were aware that I had told Mr. Whorley that we would not file an enforcement action against him for his failure to pay that [spousal support] because we believed at that time that the final hearing was imminent: is that correct? Respondent answered "Yes. Yes.").

6. Whether the Court's Conclusion of Law for the Petitioner being awarded a disproportionate award of property was due to: Respondent's cruel treatment (that rendered further living together insupportable) by threatening Petitioner's career if he chose to file for divorce, or Respondent's constructive and actual fraud committed upon the community by having elective plastic surgery and attempting to hide her expenditures while doing so, or both (Conclusion of Law #3 of Court's original facts of findings and conclusions of law).

7. The Court's Facts of Findings leading to approving the Respondent's request for forensic analysis of Petitioner's computers. Specifically:

a. That the Petitioner had not adequately produced the requested data and that a search of that Petitioner's computer hard drive may recover deleted material.

b. The Respondent showed that there was some direct relationship between the computer hard drive and one of her claims.

c. The predetermined list of terms that the Respondent's computer expert was to search for in his forensic analysis.

d. The level of access the Respondent's computer expert was given to documents on the Respondent's electronic storage device so that it did not amount to a "fishing expedition."

e. The Respondent's computer expert was to compile the documents obtained and provide copies to the Petitioner to be allowed to review the documents, produce documents responsive to the request for production, and create a privilege log for any withheld documents.

f. The Respondent's computer expert was prohibited from disclosing confidential or privileged information other than what is allowed by the discovery order.

8. The Court's Conclusions of Law leading to the denial of Petitioner's numerous objections to a forensic analysis of his computers, including providing personal computers for forensic analysis in a manner not compliant with Texas Case law. Specifically:

a. Without clarification relating to search parameters given the violations made by the Respondent and her agents, including her attorney and her forensic examiner.

b. Consideration given to the fact that the Respondent and her agents, including her attorney and her forensic examiner, had previously compromised Petitioner's attorney-client communications.

c. Consideration given to the fact that the Respondent and her agents, including her attorney and her forensic examiner, previously invaded the Petitioner's privacy in

communications with his mother.

      d. Consideration given to the fact that the Respondent and her agents, including her attorney and her forensic examiner, previously divulging information protected by the Federal Electronic Storage Act.

      e. Consideration given to the fact that the Respondent and her agents, including her attorney and her forensic examiner, previously circumvented the Petitioner's ability to claim privilege information.

9. The Court's Conclusion of Law denying the Petitioner's pleading that Respondent had committed tortious interference of a business relationship given that the Court made findings of fact for all the elements of the pleading. Specifically:

      a. That the Petitioner had entered into a business relationship with a third person – his employer, the military (Finding of Fact # 23 of Court's original facts of findings and conclusions of law).

      b. The Respondent intentionally interfered with the relationship (Findings of Fact # 6, 20, 23, 71, 85 of Court's original facts of findings and conclusions of law).

      c. The Respondent's conduct was independently tortious or unlawful (Findings of Fact # 2, 20, 71 of Court's original facts of findings and conclusions of law).

      d. The interference proximately caused the Petitioner injury (Findings of Fact # 6, 25, 26, 32 of Court's original facts of findings and conclusions of law).

      e. The Petitioner suffered actual damage or loss (Finding of Fact #6, 26, 32, 85 of Court's original facts of findings and conclusions of law).

10. Amend the fact of finding that "Petitioner alleged that Respondent had violated the temporary order by contacting his employer" (Fact of Finding #4 of Court's original facts of findings and conclusions of law) to reflect all of the allegations Petitioner made in his fourth amended motion for enforcement:

      a. That Respondent had violated the temporary order by having $21,219 worth of elective surgery on or around December 30, 2013.

      b. That on or around December 30, 2013, and February 28, 2014, Respondent deliberately, with intent to defraud the Court and Petitioner, redacted and/or altered portions of credit card statements produced to Petitioner during discovery.

11.  Amend the fact that the Petitioners pleadings for divorce included cruelty not just "his marriage was insupportable" (Fact of Finding #5 of Court's original facts of findings and conclusions of law).

12.  The Findings of Fact and Conclusion of Law that denied the petitioner's motion for discovery abuse committed by the Respondent and her attorney of record.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully requests that the Court enter these requested clarified / additional / amended findings of fact and conclusions of law set forth herein, and for such other and further relief to which Petitioner may show himself justly entitled. The request is necessary so Petitioner may challenge the lack of these findings on appeal if the Court does not make a finding.

Petitioner incorporates his requested findings of fact and conclusions of law to this request and asks that the Court file them on or before August 6, 2015, ten days from the date of this request.

Respectfully submitted,

*/s/ Jean-Michel Guerin*

**JEAN-MICHEL T. GUERIN**
Petitioner, Pro Se

*CERTIFICATE OF SERVICE*

I hereby certify that a true copy of the foregoing was delivered on July 26, 2015, to all parties and counsel of record as shown below:

Respectfully submitted,

*/s/ Jean-Michel Guerin*

**JEAN-MICHEL T. GUERIN**
Petitioner, Pro Se Appellant
P.O. Box # 340437
Fort Sam Houston, TX 78234
Tel: (803) 673-2401
Fax: (210) 549-2071
E-mail: jm.t.guerin@gmail.com

*Respondent:*
Tina (Leone) Guerin on July 26, 2015
5500 Encino Oak Way, Killeen, Texas 76542
Via USPS Mail (Tracking # 9505-5000-1966-5207-0001-07)

*Counsel for Respondent*:
Ms. Barbara Schwarz Young on July 26, 2015
2313 Birdcreek Terrace, Temple, Texas 76502
Via USPS Mail (Tracking # 9505-5000-1966-5207-0001-14), Facsimile: (254) 774-1997 and
Email: barbaray@vvm.com

*Counsel for Petitioner*:
Mr. James M. Whorley, P.C., on July 26, 2015
1912 West Avenue H, Temple, Texas 76504
Via Facsimile: (254)742-0424 and Email: jameswhorley@sbcglobal.net

*Counsel for Petitioner*:
Mr. Walter "Mac" Miller on July 26, 2015
1018 Preston, 5th Floor, Houston, Texas 77002
Via Facsimile: (713)222-7022 and Email: wmmiv@yahoo.com



# Filing Accepted

Envelope Number: **6225136**

The filing below was reviewed and has been accepted by the clerks office. Be sure to click the link below to retrieve your file stamped copy of the document filed.

| Filing Details | |
|---|---|
| **Court** | Bell County |
| **Case Number** | 263,324-E |
| **Case Style** | |
| **Date/Time Submitted** | 7/26/2015 11:44:10 PM |
| **Date/Time Accepted** | 8/3/2015 9:49:48 AM |
| **Accepted Comments** | |
| **Filing Type** | Motion (No Fee) |
| **Activity Requested** | EFileAndServe |
| **Filed By** | Jean-Michel Guerin |

| Document Details | |
|---|---|
| **Lead File** | 20150726-GUERIN-Motion_-_Additional_FoF_CoL-signed.pdf |
| **Lead File Page Count** | 6 |
| **File Stamped Copy** | https://efile.txcourts.gov/ViewDocuments.aspx?FID=3b48e4eb-c98c-46a7-8f10-49aceedb4125<br>This link is active for 35 days. |

| Contact your service provider with any questions |
|---|



Need Help? [Help](#)
Visit: https://efiletexas.gov/contacts.htm
Email: support@eFileTexas.gov

---

Please do not reply to this email. It was generated automatically by eFileTexas.gov