

## NUMBER 13-19-00193-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

EDNA CORTEZ F/K/A EDNA CHAPA,                                   Appellant,

v.

DAVID CHAPA,                                                          Appellee.

## On appeal from the 444th District Court
## of Cameron County, Texas.

## ORDER OF ABATEMENT

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Order Per Curiam

This cause is before the Court on appellant's motion to abate the appeal for findings of fact and conclusions of law. Appellant brings this appeal from an order on motion for enforcement of property division signed on March 29, 2019. On March 29, 2019, appellant filed a request for findings of fact and conclusions of law. Because the

trial court did not make findings of fact and conclusions of law within the 20-day deadline set by TEX. R. CIV. P. 297, appellant filed a notice of past due findings on April 18, 2019. The trial court has not filed findings of fact and conclusions of law.

Rule 296 of the Texas Rules of Civil Procedure provides that in any case tried in the district court without a jury, any party may request written findings of fact and conclusions of law within twenty days after the judgment is signed. *See* TEX. R. CIV. P. 296, 297; *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). The trial court's failure to respond to a timely request is error and is presumed harmful unless the record affirmatively shows that the complaining party has suffered no harm. *Cherne Indus.*, 763 S.W.2d at 772. An appellant is harmed if there are two or more possible grounds on which the court could have ruled and the appellant is left to guess the basis of the trial court's ruling. *See Liberty Mutual Fire Ins. v. Laca*, 243 S.W.3d 791, 794 (Tex. App.—El Paso 2007, no pet.). Generally, the proper remedy in that situation is to abate the appeal and direct the trial court to correct its error. *See Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no pet.).

Appellant timely requested findings of fact and conclusions of law. Rule 297 provides that the trial court shall file its findings and conclusions within twenty days after a timely request is made. The trial court's findings were due on September 29, 2016. They were not filed and thereafter, appellant timely filed a notice of past due findings of fact and conclusions of law and the trial court failed to file findings and conclusions.[1] Moreover, the record does not affirmatively show that appellant has suffered no harm.

---

[1] Rule 297 provides that a notice of past due findings be filed within thirty days after the original request.

*See Cherne Indus.*, 763 S.W.2d at 772. Therefore, appellant's motion is meritorious and should be granted.

Accordingly, we hereby GRANT the motion, ABATE the appeal, and REMAND the cause to the trial court for entry of findings of fact and conclusions of law pursuant to Texas Rule of Civil Procedure 296. The trial court shall make its findings and conclusions, as ordered herein, within thirty days from the date of this order. Furthermore, the trial court shall cause a supplemental clerk's record containing the findings and conclusions to be filed with the Clerk of this Court within sixty days from the date of this order. The appeal will be reinstated upon receipt of the supplemental clerk's record and upon further order of this Court.

PER CURIAM

Delivered and filed the
19th day of August, 2019.