# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00768-CV

---

**Yang Bai, Appellant**

**v.**

**Guodong Zhang, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
### NO. 21-3436-FC3, THE HONORABLE DOUG ARNOLD, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant, Yang Bai, appeals from the trial court's Final Decree of Divorce, which, among other things, divides the marital estate of the parties. Appellant has moved for abatement of this appeal and for remand of the case to the trial court for it to issue its written findings of fact and conclusions of law in the suit. Appellee, Guodong Zhang, has responded in opposition to Appellant's motion.

On a party's requests that comply with the Rules of Civil Procedure, a trial court that has rendered judgment in a suit for dissolution of marriage and whose judgment divides the estate of the parties shall issue its written findings of fact and conclusions of law in the suit. *See* Tex. Fam. Code § 6.711(a)–(c); Tex. R. Civ. P. 296–97. When the trial court fails to do so after a party has complied with the Rules in requesting findings and conclusions and in notifying the court

when they are past due, the trial court errs by not issuing the findings and conclusions, and the error is presumed harmful. *See Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (per curiam); *Miller v. Miller*, No. 03-23-00530-CV, 2023 WL 7429333, at *1 (Tex. App.—Austin Nov. 10, 2023, no pet.) (mem. op.) (per curiam). Because appellate courts reviewing judgments rendered after bench trials without attendant findings and conclusions "must presume the trial court made all the findings necessary to support the judgment," the trial court's failure to issue written findings and conclusions on a party's proper requests can impose on the party so heavy a burden on appeal "that it effectively 'prevent[s the appellant] from properly presenting its case to the court of appeals.'" *Ad Villarai*, 519 S.W.3d at 135 (quoting *Graham Cent. Station, Inc. v. Peña*, 442 S.W.3d 261, 263 (Tex. 2014) (per curiam)).

Here, the record reflects that the parties adduced competing evidence at trial on Appellant's request that the trial court reconstitute the estate of the parties because of alleged fraud and waste and divide the estate as reconstituted. *See* Tex. Fam. Code § 7.009. Because there was disputed evidence on at least this claim, and thus on the overall division of the estate, the record does not disprove harm to Appellant by the trial court's failure to issue written findings and conclusions. *See Miller*, 2023 WL 7429333, at *1; *Martinez v. Martinez*, No. 03-16-00818-CV, 2017 WL 3897309, at *1 (Tex. App.—Austin Aug. 25, 2017, no pet.) (mem. op.) (per curiam); *Henry v. Henry*, No. 03-11-00253-CV, 2013 WL 4056221, at *1 (Tex. App.—Austin Aug. 9, 2013, no pet.) (mem. op.) (per curiam); *see also Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772–73 (Tex. 1989) (record did not undermine presumption of harm in trial court's failure to issue written findings and conclusions because evidence, even though undisputed, did not "so clearly support[]" award "that the trial judge could not, as a matter of law, have abused his discretion in making that award"); *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981) ("The trial

court has wide discretion in dividing the estate of the parties and that division should be corrected on appeal only when an abuse of discretion has been shown"). Written findings and conclusions are thus necessary for a proper presentation of this appeal.

We therefore abate this appeal and remand the case to the trial court for it to send its written findings of fact and conclusions of law to the parties. *See* Tex. R. Civ. P. 21(f)(10), 296–97. A supplemental record containing the findings and conclusions shall be filed with this Court thirty days from the date of this order. This appeal will be reinstated after the supplemental clerk's record is filed.

It is ordered on March 28, 2025.


Before Chief Justice Byrne, Justices Kelly and Ellis

Abated and Remanded

Filed: March 28, 2025